THE CITY OF LINCOLN, PLAINTIFF IN ERROR, V. JOHN
    GILLILAN, DEFENDANT IN ERROR.

1. **Trial:** CONCLUSION FROM UNDISPUTED FACTS A QUESTION FOR
    JURY. Where the existence of a state of facts is undisputed,
    and where upon such facts different minds may honestly draw
    different conclusions from them as whether or not such facts
    establish negligence or the absence thereof, the question as to the
    conclusion to be arrived at is a proper question for the trial jury,
    and not for the court.

2. **Instructions to Jury.** Where an instruction to a jury states
    a proposition clearly and distinctly, and without limitation or
    qualification, it is not error for the court to refuse to re-instruct
    the jury upon the same proposition, but with the addition of a
    clause limiting the force of the instruction when such limitation
    would be against the interest of the party asking the instruction.
    Or, if error, it would be error without prejudice.

3. ———. When an instruction is once given it is sufficient, and it
    is not error for the court to refuse to repeat it to the jury.

4. ———. It is not error for the trial court to refuse to instruct a
    jury upon questions not involved in the case on trial. Instruc-
    tions should be confined to the issues in the case.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*A. C. Ricketts* (*H. H. Wilson* with him), for plaintiff in
error.

Court should have taken case from jury. *L. S. & M. S.
R. R. v. Miller,* 25 Mich., 274. *Penn. Co. v. Rathgeb,*
32 Ohio State, 66. *McLoury v. McGregor,* 54 Iowa, 717.
On instructions refused : *Reynolds v. R. R.,* 58 N. Y., 248.
Thompson Neg., 1236. *Rudolph v. French,* 44 How. Pr.,
160. *Greenleaf v. R. R.,* 29 Iowa, 46. *Warner v. R. R.,*
64 N. Y., 465. *Benson & Titcomb,* 72 Maine, 31. *Hart
v. R. R.,* 84 N. Y., 56. *Beatty v. Gilmore,* 16 Penn.
State, 463. *Otis v. Janesville,* 47 Wis., 422. *Bassett v.*

*St. Joseph,* 53 Mo., 590. · *Brown v. Glasgow,* 57 Id., 157. *Mount Vernon v. Dosonchett,* 2 Ind.,.586. *Bruker v. Covington,* 63 Id., 33.

*A. J. Sawyer* and *N. Z. Snell,* for defendant in error, cited: *A. & N. R. R. v. Bailey,* 11 Neb., 332. *City of Lincoln v. Walker, post. Henry County v. Jackson,* 86 Ind., 111. *Wheeler v. Westport,* 30 Wis., 392. *Murphy v. Indianapolis,* 83 Ind., 76. *Looney v. McLean,* 129 Mass., 33. *McKenzie v. Northfield,* 16 N. W. R., 264. *Commissioners v. Burgers,* 16 Md., 29. *Bassett v. Fish,* 75 N. Y., 303. *Palmer v. Deering,* 93 Id., 7. *Mathews v. Baraboo,* 39 Wis., 674.

REESE, J.

The original action was instituted by defendant in error against plaintiff in error for the purpose of recovering damages alleged to have been sustained by him by reason of a defect in one of the public streets in the city of Lincoln. The allegation of the petition is, and the proof shows, that on the evening of the 11th day of November, 1882, while defendant in error was riding along the street, his horse stepped into a mud hole or wagon rut and fell, throwing defendant in error upon the ground and breaking his leg.

The first proposition contended for by plaintiff in error is, that the testimony "establishes, beyond any controversy, the existence of such facts as render defendant in error guilty of contributory negligence, as a matter of law, and therefore the trial court erred in submitting the case to the jury."

To this we are unable to agree. It appears that a week or ten days before the accident defendant in error saw the defect in the street, but there is no proof of his having seen it afterwards. It was his custom to ride from his home, east of the city, to his place of business, using for that purpose a horse, or colt, three years old the spring before.

The proof is that the horse was gentle and sure-footed.
On the evening in question—some time after dark—he
mounted the horse to go home.   The night was quite dark
and a storm was approaching from the north-west.   He
allowed his horse to go at a "lope," selecting its own part
of the street.   The speed at which the horse traveled was
not rapid, a witness testifying that he kept opposite to him
while running along the sidewalk.   Defendant in error
was familiar with the street, having traveled it almost
daily until a short time before the accident.   Applying to
these facts the rule of law adopted in *A. & N. R. R. Co. v.
Baily*, 11 Neb., 332, we think it was clearly right for the
trial court to submit the case to the jury.   In that case
Judge COBB, in writing the opinion, quoted with approval
the following language from *Railroad Co. v. Stout*, 17
Wall., 657, viz.: "Upon the facts proven in such cases, it
is a matter of judgment and discretion, of sound inference,
what is the deduction to be drawn from undisputed facts.
Certain facts we may suppose to be clearly established from
which one sensible, impartial man would infer that proper
care had not been used and that negligence existed;
another man, equally sensible and equally impartial, would
infer that proper care had been used and that there was no
negligence.   It is this class of cases and those akin to it
that the law commits to the decision of a jury.   *   *   *
It is assumed that twelve men know more of the common
affairs of life than does one man; they can draw wiser and
safer conclusions from admitted facts thus occurring than a
single judge.

"In no class of cases can this practical experience be more
wisely applied than in that we are considering.

"We find accordingly, although not uniform or harmo-
nious, that the authorities justify us in holding in the case
before us that, although the facts are undisputed, it is for
the jury and not for the judge to determine whether the
proper care was given, or whether they established negli-
gence."

In the case at bar the trial judge submitted the question of contributory negligence to the jury with instructions for their guidance, and in this we think there was no error.

Plaintiff in error requested the court to instruct the jury as follows:

4. "The plaintiff was bound to exercise ordinary care for his personal safety while passing along the streets of the defendant, and if the jury believe from the evidence that plaintiff's slight negligence, if any, contributed directly to the alleged injury, then you will find for the defendant." This instruction was given as prayed.

It then requested the court to give the following instruction:

7. "If the jury believe from the evidence that there was a slight want of ordinary care on the part of the plaintiff, which slight want of ordinary care contributed to the injuries complained of, the plaintiff can not recover unless the jury further find the negligence on the part of the defendant was so gross as to justify the jury in finding that the alleged injury was caused by the willful and malicious act of the defendant or its agents or servants." The court refused to give this instruction, and this refusal is assigned as error.

Without stopping to inquire as to whether or not these instructions were applicable to the case, we will be content with a comparison of the two.

If there is any appreciable difference between "slight negligence," as used in the first of the above instructions, and a "slight want of ordinary care," as used in the second, we are wholly unable to see that difference, and will assume that they mean substantially the same thing. The first instruction informs the jury that if the slight negligence of defendant in error contributed directly to the injury they should find for the plaintiff in error. This virtually excluded all consideration of the negligence of plaintiff in error, whether slight or gross   The proposition

was short but clearly stated.    If defendant in error con-
tributed to the accident by slight negligence he could not
recover, however negligent the plaintiff in error might have
been.    The second instruction is virtually a reiteration of
the first, with the qualification or limitation that would
destroy the force of the instruction if the jury should find
that plaintiff in error had been guilty of the gross negli-
gence mentioned.    Had the court refused to give the first
and had given the second there might have been a question,
as the limitation did not exist in the first.    But as the first
contained all in favor of plaintiff in error that was in the
second, we see no cause for complaint.    If there was error
it was without prejudice.    If an instruction is once given
it is sufficient, and it is not error for the trial court to
refuse to repeat it to the jury.    *Kopplekom v. Hoffman*,
12 Neb., 100.

Plaintiff requested the trial court to give the following
instruction to the jury:

"The jury is instructed that a city is not liable to
respond in damages because of every depression or inequality
in the surface of its streets even though injury result there-
from.    It is only liable when it fails to keep its streets in
a reasonably safe condition for public travel, and it is not
necessary that it should keep the entire width of its streets
in good condition for travel, unless the public convenience
and travel demands it; and if you find from the evidence
that a sufficient width of the street, at the point of the
alleged injury, was in a reasonably safe condition for public
travel, and that the plaintiff could have passed over and
along the same without injury by the exercise of ordinary
care and prudence, then you will find for the defendant."

The court refused to give this instruction and the refusal
as assigned as error.    Before examining this instruction it
may be observed that instructions one and ten, which were
asked for by plaintiff in error and given, to some degree
cover the same ground as the instruction above quoted.
They are as follows:

1. "The jury is instructed that the defendant city is not an insurer against accidents upon its streets, nor is it liable for every defect therein, though it might cause the injury sued for. And if you find from the evidence that the street at the place of the alleged injury was in a reasonably safe condition for travel in the ordinary modes, then you will find for the defendant."·

10. "The jury are instructed that defendant city is only· required to exercise ordinary care and prudence in keeping its streets in repair, and unless you find from the evidence that the defendant failed to exercise ordinary care and prudence in the repair of its streets, at the place of the alleged injury, then you will find for the defendant."

By a comparison of the foregoing instructions it will be seen that the instruction refused was substantially given by numbers one and ten, except that part which would exonnerate plaintiff in error from keeping the entire width of its streets in good condition for travel, unless the public convenience and travel demanded it. This branch of the instruction refused was not applicable to the case and was therefore properly refused. It is quite probable that a city is not required to keep the entire width of its streets in good condition under some circumstances, while under others it would be necessary, and that, too, without regard to whether the public convenience and travel demanded it or not. If part of the space included in a street, owing to the conformation of the surface, could not be made suitable and safe for travel and no effort thereto was made, then it might be allowed so to remain, perhaps, without the city incurring any liability; or, if in the case at bar it had been shown that the city had not undertaken to improve the whole street, or that the street at the point of the accident had been at an unfrequented part of the city, in that event it would have presented a question to submit to the jury as affecting the primary liability of the city, or of the care or negligence of the parties. But as the record and testi-

mony shows that the place where the accident occurred was within the business and frequented part of the city, and that it had undertaken and assumed to improve the street from one sidewalk to the other, thus acknowledging a duty and responsibility in that behalf, we can not see that the trial court erred in refusing to submit to the jury the question thus presented by the instruction. It is provided by the law governing cities of . the second class that: " The mayor and council shall have the care, supervision, and control of all public highways, bridges, streets, alleys, public squares, and commons within the city, and shall cause the same to be kept open and in repair and free from nuisances." * * Sec. 31, Chap. 14, Compiled Statutes.

Other instructions were requested by plaintiff in error, and refused, and of which refusal complaint is now made, but upon examination of the record we find they were all substantially given by being embodied in other instructions and it would subserve no good purpose to quote them here.

It is also insisted that the court should have instructed the jury that it was incumbent on defendant in error to show that no negligence of his contributed to the injury, and that upon him rested the burden of proof as to the absence of such contributory negligence; but as the question was fully presented to the jury by repeated instructions that he could not recover if his own negligence contributed in any way to the injury we will notice it no further. It is sufficient to say that, under the instructions given, the jury must have found that defendant in error was guilty of no negligence whatever. The judgment cannot therefor be reversed, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.