CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. JOHN OLESON.

FILED JUNE 5, 1894.    No. 5463.

1. **Negligence:** QUESTION FOR JURY. The existence of negligence should be proved and passed upon by the jury as any other fact. It is improper to state to the jury a circumstance or group of circumstances as to which there has been evidence on the trial and instruct that such fact or group of facts amount to negligence *per se*. At most, the jury should be instructed that such circumstances, if established by a preponderance of the evidence, are properly to be considered in determining the existence of negligence. *Missouri P. R. Co. v. Baier*, 37 Neb., 235, followed and reaffirmed.

2. ———: INSTRUCTIONS. The court may say what act or omission of a party is evidence of negligence, but it is for the jury to say what conclusion such evidence warrants. *Omaha Street R. Co. v. Craig*, 39 Neb., 601, followed and reaffirmed.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Marquett, Deweese & Hall*, for plaintiff in error.

*Stevens, Love & Cochran, contra.*

RAGAN, C.

John Oleson sued the Chicago, Burlington & Quincy Railroad Company in the district court of Lancaster county for damages for an injury which he alleged he had sustained through the negligence of the servants of said railroad company. In his petition Oleson stated that in December, 1888, he was in the employ of said company and was one of a force of men engaged at said time in repairing a track belonging to said company; that he and the other men with whom he was at work were in charge of a foreman named Patrick Welsh, whose orders it was his duty to obey; that while at work upon said track, and while attempting to raise the same by means of a "jack," it became necessary to oil said "jack," and that the foreman negligently and carelessly ordered him, Oleson, to jump aboard an approaching engine then owned and operated by the company and procure a can of oil for the use of the men engaged in raising said track; that in obedience to the order of the foreman he, Oleson, attempted to jump aboard said moving engine and in doing so slipped and fell and was injured, without any fault or negligence on his part. The answer of the company was a denial of any negligence on the part of itself or foreman, and contributory negligence on the part of Oleson. Oleson had a verdict and judgment and the company brings the case here for review. There are numerous errors assigned, one only of which we notice.

Among the instructions given to the jury by the district judge was one in the following language: "If you find from the evidence that Patrick Welsh was an employe of defendant company and had control and direction of the plaintiff; if you find plaintiff was an employe of defendant at the time and place that the injury was received, and if you find from the evidence that plaintiff, as such employe, was bound by the terms of his service to obey the

orders of Welsh; that Welsh ordered plaintiff to mount an engine then approaching to procure a can of oil for use in the work being done by plaintiff and others under Welsh's control; that, under the circumstances and at the time, compliance with such order, if given, was likely to result in injury to plaintiff; that Welsh knew this, stood by and saw plaintiff obey his said orders, and had the authority and opportunity to revoke such order, if made, and failed to do so; that the plaintiff obeyed such order, and in consequence thereof was injured without fault on his part, then you are instructed that this was negligence for which the defendant was responsible, unless you find from the evidence that compliance by plaintiff with said order, if given, would carry him into such palpable, physical danger as would prevent a person of ordinary care, prudence, and intelligence from obeying such order if made." This instruction was erroneous. The order of the foreman to Oleson to get on the moving engine to procure the oil can was competent evidence to go to the jury for their consideration in determining whether or not the foreman, in making such order, under all the circumstances in evidence, was guilty of negligence; and the same may be said of the failure of Welsh to revoke such order before it had been obeyed; but it was for the jury to say whether the evidence of what Oleson did and what he omitted to do warranted the conclusion of negligence on his part. The court may say what act or omission of a party is evidence of negligence, but it is for the jury to say what conclusion such evidence warrants. (*Omaha Street R. Co. v. Craig*, 39 Neb., 601, and cases there cited.) In *Missouri P. R. Co. v. Baier*, 37 Neb., 236, it was held : "The existence of negligence should be proved and passed upon by the jury as any other fact. It is improper to state to the jury a circumstance or group of circumstances as to which there has been evidence on the trial and instruct that such fact or group of facts amount to negligence *per se.* At most, the

jury should be duly instructed that such circumstances, if established by a preponderance of the evidence, are properly to be considered in determining the existence of negligence." We think that case states the rule of law correctly, and is decisive of the case at bar. Here the trial court grouped together a number of facts and stated to the jury that if the foreman did thus and so, and omitted to do thus and so, that such acts and such omissions on his part were negligence. The learned district judge was wrong, and the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.