HOMER A. MILLER v. FRANK STRIVENS.

FILED MAY 19, 1896.   No. 6578.

1. **Negligence: QUESTION FOR JURY.** Where from a given state of facts reasonable men may draw different conclusions respecting the subject of negligence, the question is one of fact for the jury.

2. ———: **EVIDENCE.** It is for the judge to determine what acts of omission or commission are evidence of negligence, but it is the province of the jury to say what conclusion such evidence warrants.

3. **Runaway Team: COLLISION: ACTION FOR DAMAGES: VERDICT FOR DEFENDANT.** Evidence examined, and *held* to sustain the verdict and judgment complained of.

ERROR from the district court of Cedar county. Tried below before NORRIS, J.

*Wilbur F. Bryant,* for plaintiff in error.

*J. C. Engelman, contra.*

POST, C. J.

This was an action by Miller, the plaintiff in error, in the district court for Cedar county, to recover for the negligence of the defendants therein, Frank Strivens and

Knight Strivens, in suffering to escape from their custody and control a vicious and unmanageable team of horses. ; That the horses mentioned escaped from custody at the time alleged and in their flight collided with the plaintiff's carriage, to his damage, is a proposition not controverted either by the pleadings or proofs; but the jury, guided by proper instructions, found upon the issue of negligence in favor of the defendant, Frank Strivens,—the cause having been dismissed during the trial as to the other defendant,—and to secure a review of the judgment based upon the verdict thus rendered this proceeding is prosecuted.

From the evidence adduced by the defendant in error it appears that he purchased said team a week or ten days previous to the occurrence which is the basis of this action; that he had on the day in question driven from his home to the village of Coleridge, about five miles distant, for the purpose, among others, of exchanging some wheat for flour at the village mill. On arriving at the mill he left his team and spring wagon in charge of his brother, a lad eighteen years of age, while transacting his business thereat, and was engaged in carrying flour to his wagon when the team took fright, with the result stated. It is further shown, and not disputed, that Charles Strivens, the boy above mentioned, was, when said horses became unmanageable, holding them by the bits, and that the defendant on observing their fright hastily caught hold of the lines, but was unable to prevent their escape. The latter, according to his own testimony, was unaware of any vicious propensities of the said horses, or either of them; and Mr. Snow, from whom they were purchased by him, testified that he, the witness, had never known them to run away, although they had been driven by his wife and boy. It is, however, alleged, as bearing upon the question of negligence, that the defendant's brother, Charles Strivens, is a cripple and not a safe or proper person to leave in charge of an unhitched team of horses. On the other hand, the said

Charles, according to the testimony of the defendant's witnesses, although crippled in one arm, is accustomed to the use and management of horses for all purposes incident to farm work. The question of negligence was, in view of the evidence upon which the cause was submitted, purely one of fact, and with the verdict and judgment based thereon we can perceive no ground for interference. The facts, even upon the plaintiff's own theory, are such as to warrant different conclusions respecting the question at issue, and would have been quite sufficient to sustain a finding that the defendant was not guilty of actionable negligence in leaving the team in charge of his brother during the time required for the transaction of his business at the mill. (*City of Lincoln v. Gillilan*, 18 Neb., 114; *Chicago, B. & Q. R. Co. v. Landauer*, 36 Neb., 643.)

Exception was taken to the refusal of the following request to instruct: "You are instructed that if a horse is left unhitched, this of itself is negligence which will render the owner or party in charge thereof liable for all injuries resulting therefrom." The court certainly did not err in refusing the foregoing request. The facts proved were, according to instructions given, to be considered as evidence of negligence, but the conclusion to be drawn from such evidence was, according to the recognized practice in this state, a question for the jury. (*American Water-Works Co. v. Dougherty*, 37 Neb., 373; *Missouri P. R. Co. v. Baier*, 37 Neb., 235; *Omaha Street R. Co. v. Craig*, 39 Neb., 601; *Chicago, B. & Q. R. Co. v. Oleson*, 40 Neb., 889.)

Complaint is also made of the refusal of instruction No. 6, relating to the measure of damage, but, in view of the verdict for the defendant, the ruling assigned is at most error without prejudice.

JUDGMENT AFFIRMED.