## GEORGE R. ASTON *vs.* CITY OF NEWTON.

Middlesex. March 8. — 14, 1883. DEVENS & W. ALLEN, JJ., absent.

A notice to a city stated that a person had been injured in the evening of a day named, while passing along a certain street, and opposite or nearly opposite the house of a person named; and that the cause of the injury was "a water-box within the limits of the highway, and from a foot to eighteen inches from the outside edge towards the centre of the sidewalk on the southerly side of said street, against which the undersigned tripped." *Held,* in an action against the city for the injury, that the notice was sufficient in form, under the St. of 1877, *c.* 234, § 3.

If between the sidewalk of a street in a city and that portion of the street wrought for a carriage-way there is a grassed space, over which a footpath has been worn by use by persons having occasion to enter another street abutting on this street, but not crossing it, or to come in the opposite direction, the city is liable to a person injured by a defect in such path, if the path was known to and recognized by the city as a part of the wrought line of travel, in the absence of any path or other provision made by the city for crossing the street at or near the locality in question, or of any barrier or other warning to indicate that the path as actually used was unsafe or unsuitable.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant city. Answer, a general denial. Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff gave the defendant a written notice, stating that "on Monday evening, November 24, 1879, while passing along Webster Street in that part of the city of Newton known as West Newton, and opposite or nearly opposite the house of J. A. Fairbanks, he fell, while in the exercise of proper and due care, and received severe injuries to his person. The cause of the fall and the injury was a water-box, water-gate or shut-off, whichever it may be termed, within the limits of the highway, and from a foot to eighteen inches from the outside edge towards the centre of the sidewalk on the southerly side of said street, against which the undersigned tripped." The defendant objected to the sufficiency of the notice; but the judge ruled that the same was sufficient in form to be submitted to the jury.

It appeared in evidence, that there were gravelled sidewalks, about five feet wide, upon each side of Webster Street, wrought and prepared for travel, connected directly with the sidewalks of streets connecting with Webster Street; that between these

walks and the wrought carriage-way there was a grassed space sloping slightly to the carriage-way, about three feet in width, and which had partly overgrown the sidewalk at the outer edge; that on the south side of the street, along the line of the inner border of the grassed space, there was a row of trees; that a diagonal footpath from the corner of Warren Avenue, which abutted on this street, but did not cross it, and from the north to the south side of said street, had been worn by the feet of passengers over and across the grassed space upon the south side of the street to and upon the sidewalk, this being a shorter way, and the usual way in which many people walked in going to and from the railroad station.

The alleged defect was a wooden box, about four inches square, with an iron cover or plug set therein, which box was used for letting on the city water to a house situated on the south side of said street, opposite thereto, and shutting off the same therefrom. The box projected above the surface of the ground about it, and was connected with the works of the defendant city used in supplying its inhabitants with water. This box had been originally placed level with or a little below the surface of the ground, but in some manner had worked up. The time the box had so projected was in dispute, the evidence showing it to be from one month to one year. The box was within the line of the grass border on the south side of the street. There was evidence tending to show that said box was in the diagonal footpath, and there was evidence tending to show that it was not in said path, but at the left of it. No crossing had ever been prepared by the city where this path was, but a distinct path was worn there by the feet of people who walked across the street, and there was no evidence that any other crossing had been prepared by the city across Webster Street at the corner of Warren Avenue.

The defendant requested the judge to instruct the jury as follows: " 1. If the water-box, the alleged defect, was between the carriage-way and the sidewalk, and not in the travelled part of either, and not in the footpath, then the city is not liable. 2. If the water-box was between the sidewalk and the carriage-way, and within that part of the limits of the way where the city may place trees, posts and curbstones to designate the width of

the sidewalk, the city is not liable. 3. The city has worked and prepared for public travel such parts of Webster Street as are reasonably necessary for that purpose. 4. The city is not bound to keep all the way by the sidewalk in an equally suitable and convenient condition for crossing.

The judge gave the first instruction requested with this modification: "If the diagonal path had been known to and recognized by the city as a part of the wrought line of travel, then the city was bound to keep it in repair;" and gave the second instruction requested with this qualification: "If said box was in the diagonal path known and recognized by the city as a part of the travelled way, the city was liable to keep it in repair." The judge had elsewhere instructed the jury, without objection, that if said diagonal path had been, by long-continued public use, with the knowledge and acquiescence of the city, recognized as a part of the wrought and finished path, then the city would be liable to keep the same in repair, and not otherwise. The third instruction requested was refused; and the judge gave the fourth, with this addition: "It is a question of fact for you to decide, whether they were bound to keep this particular place in order or not."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*P. Thacher & W. S. Slocum*, for the defendant.

*S. B. Allen & G. W. Morse*, for the plaintiff, were not called upon.

C. ALLEN, J. The ruling that the notice was sufficient in form was correct.

From the description which is given of the place which is complained of, it would seem that the grassed space between the gravelled sidewalk and that portion of the street which was wrought for a carriage-way was not adapted for the travel of those who merely had occasion to walk along the south side of Webster Street on the sidewalk; but in order to cross the street so as to reach Warren Avenue, or to cross from Warren Avenue to the south side of Webster Street, it would be necessary to pass over this grassed space, and, no path having been prepared by the city for this purpose, a diagonal path had been worn by use. Under the instruction of the court, the jury must have found

that this path had been known to and recognized by the city as a part of the wrought line of travel. Under this state of things, the circumstance that the city had not itself prepared the crossing at this place is immaterial. The crossing might well be established by long-continued public use, and there was nothing to show that the city had either made any other provision for crossing the street at or near that place, or had in any manner indicated, by barriers or otherwise, that the path as actually used was unsafe or unsuitable. It was virtually conceded, on the part of the defendant, that the water-box, in its condition at the time of the accident, was a defect, if the city was bound to keep the place where it was situated safe and convenient for travel. The requested instructions, therefore, were properly dealt with. *Weare* v. *Fitchburg*, 110 Mass. 334, 337. *Whitford* v. *Southbridge*, 119 Mass. 564, 574.                    *Exceptions overruled.*