### LOUISA A. LOWE vs. INHABITANTS OF CLINTON.

Worcester.    October 5. — 16, 1883.    FIELD & W. ALLEN, JJ., absent.

In an action against a town for injuries occasioned by an alleged defect in a high-
way, the evidence was conflicting on the point whether the defect was in a foot-
path or in the grass by the side of the path. The judge instructed the jury
that the plaintiff could not recover unless the defect was in the footpath; and
declined to instruct the jury that, if the obstruction complained of was in the
grass, and out of the path, the plaintiff could not recover. *Held,* that the
defendant had no ground of exception.

TORT, for personal injuries occasioned to the plaintiff by an
alleged defect in a highway in the defendant town.  After the
former decision, reported 133 Mass. 526, the case was tried in
the Superior Court, before *Knowlton,* J., who allowed a bill of
exceptions, in substance as follows:

On the night of May 9, 1879, the plaintiff, while walking on
the east side of North Main Street in the defendant town, struck
her foot against a pine stump, and was thrown down and in-
jured.

The evidence tended to show that for nearly forty years the
greater portion of the foot travel along the highway in question
had taken a defined path on the easterly side, contiguous to the
fence, and on a level with the wrought road; that in 1876, the
road was cut down for some distance, (about fifteen or eighteen
inches at the place of the accident,) leaving the footpath at its
former level; that, at the same time, the fence on the easterly
side had been moved back about two feet; that there was grass
on each side of the path, but the evidence was conflicting
whether it extended one foot or two feet from the fence; that
the stump against which the plaintiff struck her foot projected
one and a half to two inches above the soil.  The witnesses dif-
fered in locating this projection at from eighteen to thirty inches
from the fence.

The case was submitted to the jury, with full instructions as
to the liability of towns for injuries caused by defects or obstruc-
tions in and near to highways and footpaths along highways,
and, among others, that the plaintiff could not recover unless
the alleged defect was in the travelled path, and none of said
instructions were excepted to; but the defendant asked the

judge to rule that, if the obstruction complained of was in the grass, and out of the travelled path, the plaintiff could not recover, which instruction the judge declined to give.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. W. Corcoran*, for the defendant.

*W. S. B. Hopkins & J. Smith*, for the plaintiff, were not called upon.

BY THE COURT. The instruction requested by the defendant was given in substance by the presiding justice of the Superior Court, who instructed the jury that " the plaintiff could not recover unless the alleged defect was in the travelled path." Under this instruction, the jury must have found that the obstruction was in the travelled path, and not out of it and in the grass. *Exceptions overruled.*

In an action against a town for injuries occasioned by an alleged defect in a highway, the evidence was conflicting on the question of the speed at which the plaintiff was driving his horse at the time. *Held*, that the defendant was entitled to put in evidence that the horse, both before and after the accident, had been driven at a certain rate of speed on a race-course, as tending to show the capacity of the horse for speed, and as bearing upon the probability of the testimony as to his speed at the time of the accident.