FIDELIA E. DAVIS *vs.* INHABITANTS OF CHARLTON.

Worcester. Sept. 28, 1885. — Jan. 6, 1886. FIELD, C. ALLEN, & GARDNER, JJ., absent.

In an action for personal injuries occasioned by a defect in a highway, the notice given by the plaintiff, under the Pub. Sts. *c.* 52, § 19, and the St. of 1882, *c.* 36, stated that the injury occurred on a certain way in the defendant town, " by reason of a pile of timber piled on the south side of the travelled part of said way, and a pile of hay piled on the north side of the travelled part of said way." The evidence showed that the way, which ran east and west, was, at the place of the accident, level, and of sufficient and convenient width, with grassed sides nearly level, and presenting, with the bare part of the road, a safe surface for travel; that on the north side of the way there was a small cock of hay, placed there by the occupants of an abutting farm, covered with a cloth, and within the limits of the way from five to eight feet from the travelled part of the way; that nearly opposite, on the grassed side of the way, was piled some timber, to be used for building purposes, which extended two or three rods, the sticks lying lengthways of the road, and at the east end of the timber some planks were laid, with the upper ends on the bank wall and the lower ends near the bare part of the way, extending along the road from one to two rods; that the planks and timber were not nearer to the bare part of the way than two or two and a half feet; and that, as the plaintiff approached this spot, the wind flapped the cloth on the haycock, and the horse which he was driving shied to the south, ran his wagon first on the planks and then against the timber, and threw him from the wagon, and he received the injuries complained of. *Held*, that the notice sufficiently designated the cause of the · injury; and that the presiding judge properly refused to rule, as matter of law, that the way was not defective, and rightly submitted that question to the jury.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant town. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff gave the following notice to the defendant, dated July 13, 1883: "You will take notice that I sustained injury to myself by reason of a defect in the highway leading from the school-house in Charlton City to the road leading from Charlton City to Charlton Centre. The injury occurred by reason of a pile of timber piled on the south side of the travelled part of said way, and a pile of hay piled upon the north side of the travelled part of said way. Such injury occurred between 12 o'clock M. and 1 o'clock P. M. of Tuesday, the 19th day of June, 1883, and at a point in said way where the pile of timber now lies, and said timber is about 100 feet from and nearly opposite the cellar holes of the Otis Farnum place, so called. I shall hold the town responsible for said injuries."

The defendant contended, and asked the judge to rule, that this notice was not such a compliance with the statutes as would enable the plaintiff to maintain her action. The judge refused so to rule, and ruled that the notice was sufficient in form to enable the plaintiff to maintain her action.

The evidence tended to show that there was a way in the defendant town which the defendant was bound to keep in repair, and which, at the place of the accident, was level and of sufficient and convenient width, with grassed sides nearly level, and presenting, with the bare part of the road, a safe surface for travel; that this road ran east and west; that on the north side of it there was a small cock of hay, owned, cut, and raked up by the tenants of the abutting farm, covered with a cloth or blanket, and within the limits of the way, several feet from the travelled or worn part of the road, estimated at from five to eight feet from the edge of the grass; that nearly opposite, on the grassed south side of the road, was piled some timber, to be used for building purposes, which extended some two or three rods, the sticks lying lengthways of the road, and at the east end of this timber some planks were laid, with the upper ends on the bank wall and the lower ends near the bare part of the way, extending along the road from one to two rods; that the planks and timber were not nearer to the bare part of the way, that is, to the edge of the grass, than two or two and a half feet; that on this south side of the road there was, in the edge of the grass, a small shoulder to the road, which left a

slight depression for a water-course; and that the timber and planks were beyond the shoulder and depression.

The plaintiff's evidence showed that, as she approached this spot, driving with ordinary care, the wind flapped the blanket or cloth on the haycock, and her horse, which was gentle, shied to the south, ran her wagon first on the planks and then against the timber, and threw her from the wagon, and she received the injuries complained of. The distance across the road from the haycock to the timber was shown to be twenty-one feet, and smooth and safe, and the road was in the country, and not in a village. The defendant asked the judge to rule, that, on the whole evidence in the case, the plaintiff was not entitled to recover; and that, in view of the notice to the town, the whole evidence in the case did not warrant a verdict for the plaintiff.

The judge declined so to rule, and submitted the case to the jury, under general instructions not excepted to. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. S. B. Hopkins & A. J. Bartholomew*, for the defendant.

*T. G. Kent & J. M. Cochran*, for the plaintiff.

W. ALLEN, J. The notice, in stating that the injury occurred by reason of a pile of timber and a pile of hay, sufficiently stated the "cause of the injury," although the timber alone constituted or caused the defect in the way. Pub. Sts. *c.* 52, § 19. St. 1882, *c.* 36.

It is argued that there was no evidence that the way was defective; and that, for that reason, the court should have ruled that the plaintiff could not recover. The pile of timber was so near to the travelled path, and so situated with relation to it, that the court could not rule, as matter of law, that it did not render the road unsafe and defective. There was evidence that the way was defective, proper to submit to the jury. *Snow* v. *Adams*, 1 Cush. 443. *Coggswell* v. *Lexington*, 4 Cush. 307. *Warner* v. *Holyoke*, 112 Mass. 362. *Barnes* v. *Chicopee*, 138 Mass. 67.                              *Exceptions overruled.*