MARY MORAN *vs.* INHABITANTS OF PALMER.

Hampden.   September 26, 1894. — October 18, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Defect in Highway — Travelled Way — Instructions.*

A side of a street may be in such form, and so used, with the knowledge and acquiescence of a town, as to be a portion of the travelled part of the way which the town is bound to keep in repair, even though no work has been done upon it to fit it for the use of pedestrians.

At the trial of an action against a town for injuries alleged to have been caused by a defect in a highway, the judge instructed the jury that the plaintiff could not recover unless the defect was " within the travelled way," and in explanation added the words " that is to say, so connected with it and so used for travel that

it may fairly be said to be within the limits of the way, and in such a way as to make the travel upon it unsafe by reason of the want of repair so existing." *Held*, that the instructions were correct.

Tort, for personal injuries occasioned to the plaintiff by reason of an alleged defect in a highway which the defendant town was bound to keep in repair. At the trial in the Superior Court, before *Fessenden*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. L. Gardner*, for the defendant.

*J. B. Carroll & W. H. McClintock*, for the plaintiff.

Knowlton, J. The exceptions in this case are to the refusal of the court to give the instructions requested, which were as follows: " 1. Upon all the evidence, the plaintiff is not entitled to recover. 2. If the jury find that the stone was neither within the limits of the travelled carriageway nor the footpath, the plaintiff is not entitled to recover. 3. If the jury find that the stone was not within the limits of the footpath, the plaintiff is not entitled to recover."

The way upon which the plaintiff fell, at about seven o'clock in the evening, when it was somewhat dark, was a street in the village of Thorndike, in the defendant town, and the stone which was alleged to be a defect was in or near a footpath worn by the public travel o · one side of the street. No sidewalks had ever been wrought for pedestrians, but about twelve feet in width of the central portion of the street had been graded for travel with teams. The defendant's first contention is, that the plaintiff cannot recover because she was walking in a part of the street which had never been prepared for use by travellers. On this part of the case the jury were instructed that the plaintiff could not recover unless she was walking in the travelled part of the street, and were directed to determine, in view of the situation of the street, and the amount of travel that passed over it, and the kind of use which was made of it, whether the path at the side of the street was used for public travel with the knowledge and acquiescence of the town. Under the instructions of the court, the jury must have found that the side of the street, although never actually wrought as a sidewalk, was used, and permitted and intended by the town to be used, by persons on foot, as a portion of the travelled part of the way. We are

of opinion that these instructions were correct. A side of a street may be in such form, and so used, with the knowledge and acquiescence of a town, as to be a portion of the travelled part of the way, which the town is bound to keep in repair, even though no work has been done upon it to fit it for the use of pedestrians. *Lowe* v. *Clinton*, 136 Mass. 24. *Aston* v. *Newton*, 134 Mass. 507.

The second and third requests were sufficiently covered by the instructions given. The jury were told that the plaintiff could not recover unless the defect was "within the travelled way." In explanation of the expression "within the travelled way," the judge added the words, "that is to say, so connected with it, and so used for travel, that it may fairly be said to be within the limits of the way, and in such a way as to make the travel upon it unsafe by reason of the want of repair so existing," etc. This was in accordance with prior decisions. *Warner* v. *Holyoke*, 112 Mass. 362. *Dowd* v. *Chicopee*, 116 Mass. 93.                    *Exceptions overruled.*