FLORENCE B. TILTON *vs.* INHABITANTS OF WENHAM.

MARION T. NORTH *vs.* SAME.

CHARLES H. TILTON *vs.* SAME.

Essex.    November 2, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Way — Defect.*

In an action against a town for personal injuries received while driving upon an ancient highway, it appeared that the way did not extend to the fences on the side, and in it was a muddy place with standing water, causing travel to turn to one side of the road over the grass to such an extent that a strip three or four feet wide was worn bare and looked like the rest of the road, and came up to within one inch of the stump of a pole about ten inches high and six inches in diameter, which was hidden by the grass that remained; and that the wheel of the plaintiff's vehicle struck against the stump, and he was thrown out. *Held,* that the jury would be warranted in finding that the stump was within the highway, and was a defect.

THREE ACTIONS OF TORT, the first two being for personal injuries occasioned to the plaintiffs respectively by an alleged defect in a highway in the defendant town ; and the third being for injury to the plaintiff's property from the same cause. The cases were tried together in the Superior Court, before *Bishop,* J., who directed the jury to return a verdict for the defendant

in each case; and the plaintiffs alleged exceptions, which appear in the opinion.

*F. Paul,* for the plaintiffs.

*H. P. Moulton,* for the defendant.

HOLMES, J.    These are actions to recover for injuries to person and property caused by an alleged defect in the highway. The way in question was Main Street in Wenham.    There was evidence that it was a highway by prescription, but its width did not appear unless by presumption, and it was admitted by the plaintiffs that the road did not extend to the fences on the sides. Beside the point where the accident happened was a muddy place with standing water, and travel had turned to the easterly side of the road over the grass to such an extent that a strip three or four feet wide was worn bare, and looked like the rest of the road.    At the time of the accident this strip came up to within an inch of the stump of a pole, about ten inches high and six and a quarter inches in diameter, which was hidden by the grass that remained.    The plaintiffs Mrs. North and Mrs. Tilton were driving along the road in a southerly direction, and upon coming to the muddy place turned to the left over the above mentioned strip from which the grass had disappeared.    In some way or other the left wheel of their vehicle struck the concealed stump, Mrs. North, who was driving, was thrown out, the horse ran away and brought the wagon against a trolley pole, and Mrs. Tilton was thrown out in her turn.    We believe that this is a sufficient statement of the plaintiffs' case.    The judge directed a verdict for the defendant, and the plaintiffs excepted.

The ruling is supported by an argument that it does not appear that the driver was using due care.    But the evidence warranted a finding that Mrs. North was driving quietly along, and that the first trouble was caused by striking the concealed stump.    We see no ground whatever for the suggestion that this is only conjecture, and that the horse may have been running away before the stump was reached.

The real question is whether there was evidence that the town was responsible for the defect.    If the stump was outside the limits of the highway and of the way that was travelled, the case of *Marshall* v. *Ipswich,* 110 Mass. 522, points to the conclusion that the town was not bound to build a fence for the protection of

the public against it, any more than in the case of a stone of the same height. It is one of those usual things which travellers must look out for. The last part of the decision in this case suggests that the law is the same as to such small obstacles, even if within the limits of the highway, if they are not within the travelled part. But the language is ambiguous, and in other doubtful cases of a like character the question has been left to the jury. *Davis* v. *Charlton*, 140 Mass. 422. *Coggswell* v. *Lexington*, 4 Cush. 307. See *Warner* v. *Holyoke*, 112 Mass. 362, 367 ; *Harris* v. *Great Barrington*, 169 Mass. 271, 275. When we consider that the jury might have found that the responsibility of the town for the travelled part of the way extended over the strip from which the grass had been worn away, — *Moran* v. *Palmer*, 162 Mass. 196, *Aston* v. *Newton*, 134 Mass. 507, *Weare* v. *Fitchburg*, 110 Mass. 334, 337, (even according to *Coggswell* v. *Lexington*, 4 Cush. 307, if that strip was outside the limits of the highway,) — and that the stump was hidden and within an inch of the strip, we are of opinion that, under the decision last cited, if the stump was within the highway, the jury would have been warranted in finding it a defect. If it was a defect, they could have inferred from its position and the time during which it seemed from its appearance, condition, and surroundings to have stood where it was, that the defendant had notice of it. *Noyes* v. *Gardner*, 147 Mass. 505. *Bourget* v. *Cambridge*, 159 Mass. 388. *Welsh* v. *Amesbury*, 170 Mass. 437. It is not argued that any part of the damage is too remote. *Marble* v. *Worcester*, 4 Gray, 395, 403.

If, then, the jury might have found that the stump was within the limits of the highway, the case should not have been taken from them. The only evidence was that the highway was ancient, and it was admitted, as we have said, that it did not extend to the fences. But the case of an ancient highway is somewhat different from that of a private way or other private easement by prescription, where the suggestion of a lost grant is a pure fiction having a well known historical explanation. In the case of an important public way there is a real working probability that it has been sanctioned by some public action, even though no record of such action is produced. The offer of evidence of which we shall have to speak indicates that there was

a location in this case. If there was any such, it is very improbable that the width was not greater than that of the travelled part of an ordinary country road. And even if there never has been any laying out of the road or taking of land, where no fence fixes the limits, it fairly may be inferred that the assertion of right by public user is not confined to the space between the wheel ruts. We are of opinion that the jury would have been warranted in finding that the stump was within the highway. See *Hannum* v. *Belchertown*, 19 Pick. 311, 312; *State* v. *Morse*, 50 N. H. 9, 20; *Bumpus* v. *Miller*, 4 Mich. 159, 164; *Bartlett* v. *Beardmore*, 77 Wis. 356, 363; *Davis* v. *Clinton*, 58 Iowa, 389, 392.

In view of our decision upon the main question the two exceptions to the exclusion of evidence become unimportant. The plaintiffs offered to prove that the stump was cut off after the accident, by order of the board of selectmen. The offer now is justified as evidence that the town exercised authority over the place as part of the highway; but when the evidence was offered and rejected, it probably was understood by everybody, unless the plaintiffs' counsel is to be excepted, to be offered as evidence of an admission by subsequent conduct. The plaintiffs also offered to prove that the highway did not run where the actual legal location would take it, by an engineer who had tried to fix the east line of Main Street from what was said to be a copy of the location. But the copy was not proved to be a correct copy. We hardly should have sustained these exceptions;— but at another trial the questions raised are not likely to be important.

*Exceptions sustained.*