FARMERS CO-OP COMPANY, HOOPER, NEBRASKA, APPELLANT, v. COUNTY OF DODGE, NEBRASKA, APPELLEE.

148 N. W. 2d 922

Filed March 3, 1967. No. 36410.

Homer E. Hurt, Jr., for appellant.

Cassem, Tierney, Adams & Henatsch and John B. Henley, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

WHITE, C. J.

On July 31, 1965, plaintiff's tank truck, weighing 8 or 9 tons, overturned into a ditch at the northeast corner of a bridge on a graveled county road in Dodge County, Nebraska. In this suit for property damages, plaintiff alleged negligence on the part of the county "by failing to properly and adequately support the dirt placed there as a shoulder of said road." At the close of plaintiff's evidence, the trial court directed a verdict for the defendant county, and the plaintiff appeals. We affirm the judgment.

The liability of a county in such a situation is governed by section 39-834, R. R. S. 1943, which provides for damages if they "accrue in consequence of the insufficiency or want of repair of a road or bridge, * * *." This statute, in derogation of the common law, must be strictly construed and the scope of the county's liability, as pertinent here, is defined in Kudrna v. Sarpy County, 125 Neb. 83, 249 N. W. 87, as follows: "The rule is stated that a county is not required to keep its highways in condition fit for travel for their entire statutory width; *its duty being discharged if a width sufficient for travel is kept in proper condition.* Howard v. Flathead Independent Telephone Co., 49 Mont. 197. See, also, 5 Thompson, Negligence (2d ed.) sec. 6008; Moran v. Palmer, 162 Mass. 196; Carey v. Hubbardston, 172 Mass. 106; Hall v. Wakefield, 184 Mass. 147. A county has sufficiently discharged its duty when the traveled portion of a highway is maintained in a proper condition, * * *." (Emphasis supplied.) See, also, McKinney v. County of Cass, 180 Neb. 685, 144 N. W. 2d 416. It therefore appears that a county's duty is discharged if the traveled portion of a road is properly maintained and is of a width sufficient

for travel, and such county is not liable when a person suffers damage as a result of deviating from the traveled portion of the roadway.

Plaintiff's driver, Elmer Dasenbrock, was proceeding north, the graveled road was very wet from a rain the night before, and there was a 1½ to 2 foot windrow of gravel in the center of the road. As plaintiff's driver entered the south edge of the bridge, he met a highway patrolman coming south (the officer testified they passed 20 feet south of the bridge), the roadway and bridge were level, and the front right wheel of the truck pulled to the right and east as he was crossing the bridge. The truck continued to the north, and the front end cleared the north end of the bridge, the right side of the truck striking the northeast corner of the bridge, and then proceeded on and overturning in the right-hand ditch. Dasenbrock testified there was a "traveled" and "untraveled" portion of the road. The width of the bridge is 26 feet, with 22 feet of it being the traveled portion. Plaintiff's truck was 7 feet wide and the patrolman's car was 6 feet wide. The traveled portion of the road was light in color and the untraveled portion was very wet and dark in color. The wet, black, untraveled portion consisted of loose dirt. Dasenbrock testified, in an interrogatory, that the loose dirt with relation to the east shoulder of the road "actually was the shoulder of the road." All of the loose dirt was on the untraveled portion of the road.

The undisputed evidence of patrolman Yosten, plaintiff's witness, who made appropriate measurements, is that plaintiff's vehicle was traveling with its right wheels off the traveled portion of the road and on the shoulder of the road for a measured distance of 100 feet to the south. The vehicles passed without any difficulty; the plaintiff's vehicle had the entire east side of the road. When Yosten first saw plaintiff's vehicle, it was on the traveled portion of the road. The evidence is undisputed that there was no defect or "insufficiency" in the main-traveled portion of the roadway.

Summarizing, there is neither allegation nor evidence of any defective condition of the traveled portion of the roadway; that all loose dirt was on the shoulder of the road or at the corners of the bridge and off the traveled portion of the roadway; that the accident occurred while plaintiff's driver was traveling on the shoulder and off the traveled portion of the roadway; and that there was ample room on the roadway for both vehicles to pass without the necessity of either vehicle leaving the traveled portion of the roadway. The county's liability is limited to defective conditions in the traveled portion of the road. There was an entire failure by the plaintiff to sustain its burden of proof and the trial court properly directed a verdict for defendant.

Plaintiff contends, in its brief, that its truck began to sink into a hole which had been caused by washing and which had recently been filled by a county truck dumping dirt in it. Plaintiff offers no citation in the record for this claim. The pictures, taken by patrolman Yosten and produced in evidence, show the continuing tire marks of plaintiff's vehicle until it left the road and do not support such a claim. The pictures show no "hole" or washed-out place but they do show a continuous tire impression of even depth through loose dirt on the shoulder of the road. Further, the only testimony of the dumping of loose dirt was by the witness Moeller who repeatedly made it clear that he did not know whether the county had dumped loose dirt before or after the accident. He identified the place where the dirt was dumped as being immediately north of the concrete abutment of the bridge and at a place off the shoulder of the road. The record does not sustain this contention, and even if it did, its location would undisputedly be off the main-traveled portion of the road.

Plaintiff must prove, even if a defect in the traveled portion of the roadway existed, that the county had actual notice of such defect or that it existed for such a length of time that with reasonable diligence it could

or should have been discovered by the county. Wittwer v. County of Richardson, 153 Neb. 200, 43 N. W. 2d 505. No notice, written or oral, was received by the county in this case of the loose dirt. As mentioned the sole evidence in this respect was that of the witness Moeller who testified repeatedly that he did not know whether the dumping of dirt was before or after the accident and the place where he saw it dumped (marked "x", exhibit 5) was off the roadway and on the right edge of the shoulder of the road. Plaintiff has failed to meet its burden of proof in this respect also.

In the light of what we have said it is unnecessary to discuss the issue of contributory negligence of plaintiff's driver in deviating from the traveled portion of the roadway and driving on the wet shoulder of the road. For the reasons given the action of the district court in directing a verdict was correct and is affirmed.

AFFIRMED.