WAYNE R. RICHARDSON, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.
SHARON K. GILLISPIE, ADMINISTRATRIX OF THE ESTATE OF JUDITH ANN RICHARDSON, DECEASED, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

263 N. W. 2d 442

Filed March 8, 1978. No. 41235.

M. J. Bruckner and John V. Hendry of Marti, Dalton, Bruckner, O'Gara & Keating and Fredrick L. Swartz, for appellants.

Paul L. Douglas, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

These actions, one for property damage and one for wrongful death, were brought under the State Tort Claims Act to recover damages resulting from a one-vehicle accident allegedly caused by the negligent maintenance of a state highway. The cases were consolidated for trial. The District Court, sitting without a jury, found that the paved portion of the highway was in proper condition and properly maintained; that the State had no duty to maintain the shoulder of the highway; and that the proximate cause of the accident was the negligence of the driver of the vehicle, and dismissed the actions. The plaintiffs have appealed.

At approximately 6:30 p.m., on the evening of October 31, 1971, plaintiff, Wayne R. Richardson, his wife, Judith Ann Richardson, and their 18-month-old daughter, Cynthia, were proceeding west on State Highway No. 136 in a Kenworth tractor pulling a 40-foot commercial trailer loaded with household goods. The paved portion of the highway was dry but the shoulders were soft from previous rains. At a point approximately 3.8 miles east of Filley, Ne-

braska, while traversing a curve, the right front wheel of the tractor went off the paved portion of the roadway. Richardson was unable to get the vehicle back onto the paved highway or to regain control, and it went down the shoulder of the highway and struck a culvert approximately 15 feet from the north edge of the pavement. The tractor-trailer overturned, caught fire, and burned. Richardson and his daughter escaped but Mrs. Richardson was pinned underneath the cab and died in the fire.

A construction project involving 17.6 miles of State Highway No. 136 between Beatrice and Crab Orchard, Nebraska, which included the accident area, was completed in the early fall of 1971 and accepted by the State approximately 2 weeks prior to the accident. The project called for an asphaltic concrete overlay of approximately 4 inches on top of the old surface, shoulder work, and culvert extensions. At the point of the accident 4½ inches of asphaltic concrete had been placed on top of the old surface.

The evidence for the plaintiffs was that although the contract called for shoulder work and leveling to the new hard surface, there was a 4 to 6 inch dropoff at the point of the accident, and that the new shoulder had been negligently and improperly compacted. The State's evidence was that there was no dropoff at the point of the accident, and that the shoulder was level with the pavement.

The District Court determined that the State had no duty to maintain the shoulder of the highway, relying on the case of Farmers Co-op Co. v. County of Dodge, 181 Neb. 432, 148 N. W. 2d 922. The court therefore made no findings as to whether the shoulder was negligently constructed or maintained, nor, if so, whether such negligence proximately contributed to cause the accident. The District Court also found that the paved portion of the highway was in proper condition and properly maintained, and found that the proximate cause of the accident was the

negligence of Wayne R. Richardson in failing to keep a proper lookout and failing to have his vehicle under reasonable control. The District Court dismissed the petitions.

Plaintiffs' position is that it is the duty of the State to maintain the shoulders as well as the paved portion of state highways, and that the State's negligence in reconstructing the shoulder and leaving a dropoff at the point of the accident was a proximate cause of the accident.

The State contends that it had no duty to maintain the shoulder of the highway; that there was no negligence in the construction or maintenance of the shoulder, but that even if there were, the condition of the shoulder extended over the entire 17.6 miles of construction and was not "a spot or localized highway defect" within the meaning of statutory provisions.

The Nebraska State Tort Claims Act under which these actions are brought was adopted in 1969. Within the limits set out in that act the State waived its sovereign immunity from liability for negligence. Section 81-8,219(2), R. R. S. 1943, provides: "(2) With respect to any tort claim based on the alleged insufficiency or want of repair of any highway or bridge on the state highway system, it is the intent of the Legislature to waive the state's immunity from suit and liability to the same extent that liability has been imposed upon counties pursuant to section 23-2410, and only to that extent. The Legislature further declares that judicial interpretations of section 23-2410 governing the liability of counties on December 25, 1969 also shall be controlling on the liability of the state for the alleged insufficiency or want of repair of any highway or bridge. It is the further intent of the Legislature that the words insufficiency or want of repair shall refer to a spot or localized highway defect and shall not be construed to refer to the general or overall condition of a highway."

Since 1889 counties have been liable to travelers who sustained damages due to insufficiency or want of repair of a highway or bridge. As early as 1893 this court held that a county was liable for damages if it negligently failed to keep a highway or bridge in suitable repair so as to be in a safe condition for travel. The extent of the duty of maintenance was to be determined by the use which might be fairly anticipated for the proper accommodation of the public. By 1922 this court held that as the means and mode of travel changed, the duty of the counties to maintain highways changed accordingly. We said that the existence of a highway or bridge was "unless restricted in some way, a continuing invitation, not only as to a mode of travel prevalent and usual in its inception, but also as to any mode of travel which may be devised and developed into common use during its existence." Higgins v. Garfield County, 107 Neb. 482, 186 N. W. 347.

In King v. Douglas County, 114 Neb. 477, 208 N. W. 120, this court determined that the duty to maintain a highway extended outside the traveled portion of the highway. We said: "The duty of the county to maintain its highway in a reasonably safe condition for travel by persons using the same in a reasonably prudent manner is not discharged by keeping the traveled portions thereof free from obstructions and defects, but requires that ordinary care be used to protect such persons from the dangerous places near such traveled portions thereof outside of it, and so long as any portion of the traveled highway may be fairly said to be within a zone of danger it must be deemed insufficient, within the language of our statute, whether the primary cause of the danger be within the highway or outside thereof. The insufficiency of highways is to be determined from effects of causes, and not by the location of the same."

In Clouse v. County of Dawson, 161 Neb. 544, 74 N. W. 2d 67, this court held that when a source of dan-

ger situated outside the limits of the traveled portion of the highway is a direct menace to travel on the highway and susceptible to protection or remedial measures which can be reasonably applied within the boundaries of the highway, the failure to employ such measures will be regarded as an insufficiency or want of repair or a want of reasonable care for the safety of travelers. The court also held that it was the duty of the county to keep a highway safe for such use as should reasonably be anticipated, and that reasonable foreseeability of consequences was a necessary element of the county's liability for negligence.

In Farmers Co-op Co. v. County of Dodge, 181 Neb. 432, 148 N. W. 2d 922, relying on Kudrna v. Sarpy County, 125 Neb. 83, 249 N. W. 87, this court held that a county's duty is discharged if the traveled portion of a road is of a width sufficient for travel and maintained in a proper condition, and such county is not liable when a person suffers damage as a result of deviating from the traveled portion of the road. That opinion did not overrule or refer to cases previously discussed here. The District Court relied on the Farmers Co-op case in determining that the State had no duty to maintain the shoulder in this case.

In the Farmers Co-op case a truck struck a corner of a bridge as the vehicle left the bridge and the truck then proceeded in loose dirt along the shoulder of the road for some distance and overturned. The road was a graveled road rather than a hard-surfaced one. The cases in this court prior to Farmers Co-op Co. v. County of Dodge did not restrict the duty of maintenance to the traveled portion of the highway, but extended it to areas adjacent or in close proximity to the traveled portion of the highway where there was a reasonably foreseeable risk of harm to a traveler reasonably using the highway.

An application of those principles of prior cases to

the facts of the present case requires that the duty to maintain highways be interpreted to include the shoulders of paved or hard-surfaced state highways. That result is in accord with the great majority of modern court decisions in other states.

In Collins v. State Highway Comm., 134 Kan. 278, 5 P. 2d. 1106, the Supreme Court of Kansas stated: " * * * it is a matter of common knowledge that careful automobile drivers not only may on occasion, but frequently must, use the shoulders to some extent as a part of the highway, and a pitfall in a shoulder, adjoining or even adjacent to the slab may constitute a defect in the highway." See, also, Bixby v. City of Sioux County, 184 Iowa 89, 164 N. W. 641; Bunton v. South Carolina State Highway Dept., 186 S. C. 463, 196 S. E. 188; New Mexico State Highway Dept. v. Van Dyke, 90 N. M. 357, 563 P. 2d 1150.

We believe the proper rule to be that it is the duty of the State to use reasonable and ordinary care in the construction, maintenance, and repair of its highways, including the shoulders of a paved or hard-surfaced state highway. It is the duty of the State to use reasonable and ordinary care in the construction, maintenance, and repair of the shoulders of a paved or hard-surfaced state highway to keep them reasonably safe for ordinary reasonably anticipated use by a traveler using the highway while in the exercise of due care. The duty to keep highway shoulders safe for ordinary use does not require the State to protect against unusual or extraordinary occurrences. To the extent that Farmers Co-op Co. v. County of Dodge, 181 Neb. 432, 148 N. W. 2d 922, and Kudrna v. Sarpy County, 125 Neb. 83, 249 N. W. 87, are in conflict they are overruled. The determination of the District Court was erroneous on this issue, and the judgments must therefore be vacated.

The State also contends that if there was any defect in the shoulder at the point of the accident here it was a part of a general or overall condition of the

highway and not a spot or localized defect and was, therefore, excluded by the statute. That contention is not supported by the evidence.

The plaintiffs also contend that the design and reconstruction by the State of the curve at the location involved here was negligent. The District Court quite properly found that the decision to adhere to the former design involved a discretionary function or duty which fell within the statutory exceptions under the State Tort Claims Act.

The District Court erroneously determined that the State had no duty to maintain the shoulder of the highway here. The trial court, therefore, did not determine or make any findings as to whether or not there was a defective condition of the shoulder at the place of the accident, and did not determine whether or not there was any negligence on the part of the State in the construction or maintenance of the shoulder. Neither did the court make any determination or findings as to whether the negligence of the State, if any, proximately contributed, with negligence of Wayne R. Richardson, to cause the accident. While the trial court found that the plaintiff, Wayne R. Richardson, was negligent, the court made no determination or finding as to comparative negligence, and whether Richardson's negligence was more than slight in comparison to the negligence of the State, if any.

Even if the court's findings on remand were to determine that the negligence of Wayne R. Richardson was a bar to recovery for his own damages, that finding does not necessarily affect the issue of liability in the action brought by the administratrix of Judith Ann Richardson's estate, at least so far as the interest of Cynthia Richardson is concerned. Neither Judith Ann Richardson nor Cynthia Richardson are chargeable with contributory negligence in this case. The general rule in a wrongful death case is that although the action will not be barred by the

contributory negligence of one beneficiary, the amount of recovery will be reduced (if properly requested) to the extent of the contributorily negligent beneficiary's share in the recovery. See 1 S. M. Speiser 2d, Recovery for Wrongful Death, § 5:8, p. 593. See, also, Weber v. Southwest Nebraska Dairy Suppliers, Inc., 187 Neb. 606, 193 N. W. 2d 274.

This court cannot properly make findings of fact, and a new trial is unnecessary and inappropriate under the statutory provisions of the State Tort Claims Act. The judgment of the District Court is therefore vacated and the cause is remanded to the District Court with directions to make additional, supplemental, or modified findings based on the record and bill of exceptions herein and in accordance with this opinion, and enter judgment thereon.

JUDGMENT VACATED. CAUSE
REMANDED WITH DIRECTIONS.