OMAHA STREET RAILWAY COMPANY v. SALOME EM-
MINGER.

FILED DECEMBER 22, 1898. No. 8523.

1. **Personal Injuries**: DAMAGES: SUFFERING: EVIDENCE. In the trial of a case for the recovery of damages for personal injuries it is not improper to permit evidence to be given of complaints by plaintiff of such suffering as would probably be caused by such injury. Following *Hewitt v. Eisenbart*, 36 Neb. 794.

2. ———: ———: COMPENSATION OF SURGEON. When a party is liable for services rendered by a surgeon he may recover the reasonable value of such services where they were necessitated by the injuries for the compensation of which he has brought his action, notwithstanding the fact that he has not actually compensated such surgeon. Following *City of Friend v. Ingersoll*, 39 Neb. 717.

3. ———: ———: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. An instruction that a claimant for damages because of personal injuries, to avoid the imputation of contributory negligence, was required to use only such care as a reasonable and prudent person would exercise under the same circumstances, *held*, to excuse an omission to define ordinary care and diligence prescribed, as required in another instruction with reference to contributory negligence.

4. ———: ———: EVIDENCE. Where medical experts had testified to results which would in their opinion follow from personal injuries and with reference to other results which they believe

might follow, *held* not erroneous to instruct the jury that the party injured was entitled to recover damages for such injuries as the jury believed from the evidence such party might labor under in the future as the result of the injuries.

5. ——: ——: ——: PAIN AND SUFFERING. In an action for the recovery of compensation for damages caused by the infliction of personal injury plaintiff is entitled to make proof of such physical pain and mental suffering as resulted from the injury. Following *American Water-Works Co. v. Dougherty*, 37 Neb. 373, and *Harshman v. Rose*, 50 Neb. 113.

ERROR from the district court of Douglas county. Tried below before SLABAUGH, J. *Affirmed upon filing of remittitur.*

*John L. Webster,* for plaintiff in error.

*Weaver & Giller* and *Frank T. Ransom, contra.*

RYAN, C.

In this case there was a verdict and judgment in the district court of Douglas county in favor of the defendant in error. In the petition in the district court it was alleged that the defendant, a corporation, was, on April 8, 1895, operating a line of street railway on Sherman avenue in the city of Omaha; that plaintiff on said day took passage on one of the cars of the defendant running southward on said avenue, and before reaching Burdette street signaled the conductor in charge of said car that she desired to alight at the intersection of Sherman avenue with Burdette street; that the conductor negligently permitted the train of which said car was a part to run beyond Burdette street a distance of about fifty feet before stopping; that the place where said train halted was not a place at which defendant was accustomed to stop; that within three feet of the rail of the track of defendant farthest west there was, parallel to it, a ditch about two feet wide and eight feet deep from which the dirt excavated had been thrown to the westward; that across this ditch there were crossings at intervals to the sidewalk along the west side of Sherman

20

avenue; that the place where plaintiff was compelled to alight was ten or fifteen feet north of the nearest of said crossings, which was a part of an alley; that when the said train had stopped as indicated plaintiff attempted to alight from the train, but before she could do so the conductor negligently gave the signal for the train to start, and accordingly said train was started suddenly and thereby plaintiff was thrown so that the hindmost wheel of the rear car ran over her right leg between the knee and the ankle, breaking the bones thereof and inflicting such a shock upon plaintiff and so bruising and injuring her that she was for a long time confined to her bed in a hospital and has since suffered great pain of body and mind; that her injuries are permanent in their nature, and that she has expended $1,000 in and about the treatment necessitated by her injuries.   It was further alleged that the injuries complained of were imputable entirely to the negligence of the street railway company, its agents and employés, and the prayer was for judgment in the sum of $26,000 and costs.   The answer contained an admission that the defendant was a corporation engaged in the operation of a street railway in Omaha and was a common carrier of passengers for hire, and a denial of every other averment of the petition, with an affirmative allegation that whatever injury plaintiff suffered was chargeable entirely to her own negligence.   This last averment was denied in a reply.

On the trial there was an irreconcilable conflict in the evidence with respect to three propositions.   Of these the first was as to the place where plaintiff was compelled to alight from the car; the second was as to whether or not she had in fact alighted when the car started forward; and the third was whether or not, after safely alighting on the crossing, she negligently placed herself in such a position that of necessity she was struck by the train when it started forward.   Upon all these propositions the evidence was so conflicting that different minds might reasonably reach different conclusions,

and the verdict of the jury settled them beyond question in error proceedings. (*American Water-Works Co. v. Dougherty*, 37 Neb. 373; *Modern Woodmen Accident Ass'n v. Shryock*, 54 Neb. 250, 74 N. W. Rep. 607; *Omaha & R. V. R. Co. v. Brady*, 39 Neb. 27; *Omaha & R. V. R. Co. v. Clarke*, 39 Neb. 65; *Omaha Street R. Co. v. Craig*, 39 Neb. 601; *Omaha & R. V. R. Co. v. Morgan*, 40 Neb. 604; *Omaha & R. V. R. Co. v. Cameron*, 43 Neb. 297; *Spears v. Chicago, B. & Q. R. Co.*, 43 Neb. 720; *Chicago, B. & Q. R. Co. v. Metcalf*, 44 Neb. 848; *Miller v. Strivens*, 48 Neb. 458.)

It is complained by plaintiff in error that it was improper to permit evidence to be given as to the distance the street car ran before halting to permit assistance to be rendered defendant in error after she had been injured. There was presented by the plaintiff the theory that the train was started so suddenly that she was thereby thrown to the earth. The evidence as to the distance attained by the train before it stopped was admitted on the assumption that this fact might throw light upon the question of the speed with which the train resumed its course. In this we cannot say there was error. Incidentally this evidence might develop the fact that the conductor evinced but little of the interest which should influence a person of humane instincts, but this, if it existed, was something which ought not to exclude evidence to which the defendant in error was entitled.

In respect to the complaint that the mother of the defendant in error testified that said defendant in error complained of severe pains in her sides, head, and back, and of sleeplessness and want of appetite, it is only necessary to refer to *Hewitt v. Eisenbart*, 36 Neb. 794; for the testimony of expert witnesses was to the effect that such results, was inferable, would follow the shock sustained by the defendant in error. Under these conditions it was moreover proper that the defendant in error should testify, as she did, to the pains, sleeplessness, and want of appetite of which she had complained to her mother.

It is not insisted that ordinarily there would be error in exhibiting to a jury a limb injured as this had been, but it is said it was improper in this instance, for the reason that the defendant in error, a female, was young, handsome, and attractive, and consequently that the sympathies of a jury composed of men were unduly excited in her behalf. The motto on the coat of arms of this state is, "Equality before the law." The defendant in error suffered injuries for which she sought compensation in damages, and she was entitled, in sustaining her claim, to resort to the same proofs that she might have resorted to if she had been aged, ugly, and repulsive.

It is urged that the defendant in error made no proof that she was liable for, or that she had paid, the bill of the surgeons who had rendered services in her behalf. This liability is to be presumed from the facts that she had attained her majority before the services were rendered and that they were necessary, and the case therefore falls within the principle stated in *City of Friend v. Ingersoll*, 39 Neb. 717, and *Minneapolis Threshing Machine Co. v. Regier*, 51 Neb. 402.

It is complained that at the request of defendant in error an instruction was given by the terms of which, to entitle her to recover, she was required to have exercised ordinary care and diligence, and such care and diligence were not defined. We do not think the omission of this definition could have left the jury in doubt on this point, in view of the sixth instruction given by the court on its own motion, which was as follows: "You are instructed that it is the duty of plaintiff, in alighting from the car after it had stopped, to use only such care as a reasonable and prudent person would exercise under the same circumstances."

It is insisted there was error in giving the jury an instruction in effect that if the finding was for the plaintiff as to the right to recover, the measure of recovery should be of such damages as the evidence showed she

had sustained, not in excess of the amount claimed in the petition. We have not been able to understand the theory upon which the argument is made that this left an uncontrolled discretion in the jury to find whatever amount of damages the jurors saw fit. The expert surgical witnesses had testified that, in their opinions, the injury had left the limb in such condition that a very slight bruise might cause a desquamation of the tibia at one place; that the limb was not, and probably never would be, as large, as strong, or of the same length that normally it should be; and they further testified that the nervous complications caused by the shock might be permanent. It was therefore proper for the court to instruct the jury, as was done, that the defendant in error was entitled to recover damages for such injuries as the jury believed from the evidence the defendant in error might labor under in the future as the result of her injuries.

It is urged that there was error in an instruction that there might be a recovery for physical pain and mental suffering if the proofs showed that the street railway company was liable for damages. This is settled adversely to the contention of plaintiff in error in *American Water-Works Co. v. Dougherty, supra*, and in *Harshman v. Rose*, 50 Neb. 113.

In support of a motion for a new trial there were submitted various affidavits as to what could be shown on a future trial, if one should be allowed. Some of these were of evidence merely cumulative; others were to the effect that defendant in error, a short time before the trial, was present at a ball and danced; but it was shown that the dancing was of a sort that did not require that a participant should not be a cripple, and even this dancing caused defendant in error such pain that she very soon desisted. There was therefore no abuse of discretion in overruling this motion. (*Davis v. State*, 51 Neb. 307.)

Upon a very full consideration of all the evidence as to

the extent and nature of the injuries from which the defendant in error has suffered in the past and is likely to suffer in the future we have concluded that the judgment may be affirmed to the extent of $5,000. It is therefore ordered that if, within forty days from the filing of this opinion, the defendant in error shall file in this court a remittitur in the sum of $5,080, as of the date of said judgment, it will be affirmed for the balance; otherwise the entire judgment will be reversed and the cause will be remanded for a new trial.

JUDGMENT ACCORDINGLY.