JOHNSON COUNTY v. M. H. CARMEN, ADMINISTRATOR.

FILED APRIL 21, 1904. No. 13,488.

1. **Petition: MOTION.** In a suit against a county for damages on account of the death of a party caused by the giving way of a county bridge, the petition contained a general statement that the bridge was "out of repair and unsafe." *Held,* That a motion for a more specific statement should be sustained.

2. **Counties: DEATH: DAMAGES: INSTRUCTIONS.** In such action, the jury, in assessing damages, are limited to giving pecuniary compensation for injuries resulting to the next of kin on account of the death of the deceased. No damages can be given on account of the bereavement, mental suffering or as a solace on account of such death. An instruction relating to the measure of damages, which does not limit the assessment to the pecuniary injury sustained, is erroneous.

3. ———: **LIABILITY.** The county can not be held as an insurer of those who have occasion to use a county bridge. If the defect in a bridge, from which injury and damages occur to the person using it, is a latent defect, not discernible from the ordinary tests and examinations usually made to ascertain its condition, and if those charged with such examination have not been negligent in their duty in that regard, the county can not be held liable for damages caused by such latent and undiscovered defects.

ERROR to the district court for Pawnee county: JOHN S. STULL, JUDGE. *Reversed.*

*Jay C. Moore, Wilson & Brown* and *Hugh La Master,* for plaintiff in error.

*George A. Adams* and *S. P. Davidson, contra.*

DUFFIE, C.

July 25, 1901, Joseph B. Gooch was killed, while attempting to cross a bridge with his traction engine. The bridge gave way and, in the fall, the deceased was caught between the engine and the tender. M. H. Carmen, administrator of his estate, brought this action to recover for his death, alleging that the county authorities were negligent in allowing the bridge to become out of repair and unsafe. The answer denies negligence on the part of the county, and alleges that the condition of the bridge was unknown to the county officials although all due care and diligence had been exercised by them; that the defect was of such a nature that it could not be ascertained by the exercise of care and diligence; that deceased was negligent in going upon the bridge with such an extraordinary load, and in failing to take proper precautions by planking the bridge and detaching the tender, and by running the engine across the bridge by its own power instead of using horses to pull it across. The reply was a general denial. The petition does not point out any particular defect in the bridge, but alleges that it was "out of repair and unsafe." Error is alleged in the refusal of the court to require a more specific statement in the petition, pointing out wherein the county and its officers were negligent, and wherein the bridge was out of repair and unsafe. In so far as the motion required the plaintiff below to show in his petition in what particular the bridge was out of repair and unsafe, we think it should have been sustained. Under our system of pleading, the facts are to be stated, in order that the party proceeded against may know what facts his adversary relies on and against which he must defend. *Board of Commissioners v. Coffman,* 60 Ohio St. 527, 48 L. R. A. 455; *Tolles v. Meyers,* 65 Neb. 704. If the bridge was out of repair and unsafe, and the county commissioners had knowledge of this fact, or such condition of the bridge was discernible, or could have been ascertained, by reasonable care and inspection, and so continued for such

a length of time as to raise a presumption of knowledge, these facts show negligence upon their part in not repairing it, and the petition, so far as charging negligence, would be sufficient.

It is next urged that the court erred in not sustaining the objection to two of the jurors called in the case. We have read their examination with care, and we can not say that there was prejudicial error in retaining them upon the panel. They are apparently men of intelligence and candor, who stated that they would follow the direction of the court as to the law of the case, and, while they expressed some feeling and sympathy for the plaintiff, it is not unnatural, indeed it is human nature, that disinterested men should sympathize with the wife and children of a deceased husband and be inclined to lean to their support, rather than to that of a county by whose negligence it is charged the death of the husband and father was occasioned; at the same time, when an apparently candid juror states that he will observe the instructions of the court and be governed in his verdict by the law and the evidence, and that he has no preconceived opinion of the case which would prevent his doing so, no prejudicial error can be predicated upon the refusal of the court to sustain an objection to his serving as a juror in the case.

It is further urged that there could be no liability on the part of the county until notified of the defective condition of the bridge. This question has been settled by the former decisions of this court. *Hollingsworth v. Saunders County*, 36 Neb. 141; *Raasch v. Dodge County*, 43 Neb. 508.

The eighth instruction given is the only one in which the measure of damages was referred to by the court. In that instruction the jury were told that, if they found for the plaintiff, "then and in that case you will assess the amount of the recovery herein at such sum as you think from the evidence would be right and just." It will be noticed that this instruction does not confine the jury to any particular element of damage. The statute under

which the action was brought restricts the damages to the pecuniary injury resulting from the death, not to exceed the sum of $5,000. In this class of actions the jury, in assessing the damages, are limited to giving pecuniary compensation resulting to the next of kin on account of the death of the deceased. No damages can be given on account of the bereavement, mental suffering, or as a solace on account of such death. *Steele r. Kurtz*, 28 Ohio St. 191; *Anderson v. Chicago, B. & Q. R. Co.*, 35 Neb. 95. We think that a serious error was made in not confining the jury to the one element of damage allowed by the statute. As is well said in plaintiff's brief: "To the average layman the greatest loss to the widow and orphan would be the deprivation of the society and companionship of the husband and father. No element of damage would in the mind of the average juryman be at all comparable to this in such a case. * * * Another element of injury that would appeal strongly to the average jury is the grief and mental anguish caused to the widow and orphan by the untimely death of the husband and father." Yet under the instructions of the court all of these matters could be, and probably were, considered by the jury in arriving at their verdict.

Instructions 8 and 9 are objected to by plaintiff in error for the reason that the jury are told that, if the defect in the bridge had remained for a long time prior to the accident, then the county would be liable. If the defect was an open one, which could be observed on reasonable inspection and examination, no fault could be found with this charge; but it was the contention of the county, and there was evidence in support of the theory, that the defect was latent and not observable by any ordinary inspection, or test, or examination that might be made. While the statute makes the county liable for damages resulting from the defective condition of the bridge, the same rules of law applicable in other cases must be applied. Latent defects in the timbers of a bridge, which can not be discovered by the ordinary means usually adopted for testing the sound-

ness of timber and the safety of the structure, would relieve the county from the charge of negligence, and be a defense to a claim for damages arising from the latent defect. These instructions were improper in not recognizing this rule. Other errors complained of need not be discussed as they will not probably occur upon another trial.

For the errors above pointed out, we recommend a reversal of the judgment and that the cause be remanded for another trial.

LETTON and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.