WILLIAM A. CLINGAN, APPELLANT, v. DIXON COUNTY, APPELLEE.

FILED DECEMBER 5, 1908. No. 15,396.

1. **Trial: Instructions: Contributory Negligence.** Any instruction to a jury which conditions the plaintiff's right to recover damages for defendant's negligence upon plaintiff's fault, negligence, want of care or ordinary care submits the question of contributory negligence.

2. ———: ———: **Error.** Where there is no evidence from which the want of ordinary care on the part of the plaintiff is shown or may be inferred, it is prejudicial error to submit to the jury the question of plaintiff's contributory negligence. *Clingan v. Dixon County*, 74 Neb. 807, followed.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Reversed.*

*J. J. McCarthy* and *W. D. McCarthy*, for appellant.

*C. A. Kingsbury, C. H. Hendrickson* and *F. S. Berry*, contra.

CALKINS, C.

This was an action to recover damages for injuries sustained by reason of the negligence of the defendant county in failing to maintain in proper repair a bridge across a stream therein. The first trial resulted in a verdict for the defendant, from which the plaintiff prosecuted error to this court, where the judgment was reversed. *Clingan v. Dixon County*, 74 Neb. 807. The case being remanded,

it was again tried, with the same result; and it is now brought to this court upon the plaintiff's appeal.

1. The former judgment was reversed for the giving of an instruction which submitted to the jury the question of contributory negligence, when the evidence failed to disclose any negligence on the part of the plaintiff. The plaintiff complains that, the evidence still failing to show any negligence on his part, the court again submitted the question in the second trial. The defendant does not claim that upon the second trial there was any evidence of negligence on the part of the plaintiff, but insists that the references made in the charge of the judge as to plaintiff's fault, negligence, want of care or ordinary care, and other similar words, do not constitute a submission to the jury of that question. The first instruction given to the jury upon the request of the defendant was as follows: "You are instructed that the plaintiff was bound to exercise ordinary care for his personal safety while passing or riding along or over the public highway of the defendant; and, if the jury believe from the evidence that plaintiff's negligence, if any, contributed directly to the alleged injury, then you will find for the defendant." We do not understand how, in the face of the giving of this instruction, the defendant can contend that the question of contributory negligence was not submitted to the jury. But this is not all. In three of the instructions, given by the court on its own motion, the jury were, in substance, told that the injuries must have resulted from the negligence of the defendant, and not from any fault, negligence or want of ordinary care on the part of the plaintiff. This constitutes a submission of the question of contributory negligence and is in direct violation of the rule laid down on the former hearing of this case.

2. The plaintiff, who was riding horseback along the highway, was found injured and unconscious upon the bridge in question. He was unable to give any account of how the accident occurred, and did not regain conscious-

ness for a considerable time after he was discovered. It is perfectly clear that the bridge was in a dangerous condition, one of the planks being broken in such a way that its unsafe state would only be disclosed when weight was placed upon it. The witness who first discovered the plaintiff testified that the horse which he had been riding had its hind feet in the hole caused by the broken plank. It was the theory of the defense that the horse had fallen because the bridge was wet and slippery, and not from stepping upon the broken plank. This question was for the jury, and the evidence would have sustained a verdict for the plaintiff. Under these circumstances, there being no evidence from which the want of care is shown or might be inferred, we think the plaintiff was entitled to an instruction submitting the question whether the injury was caused by the negligence of the defendant, without such instruction in any manner calling the attention of the jury to the principle of law requiring him to use ordinary care to prevent an injury.

We therefore recommend that the judgment of the district court be reversed and that the cause be remanded for further proceedings in accordance with this opinion.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance therewith.

REVERSED.