FERDINAND J. O'CHANDER, APPELLEE, V. DAKOTA COUNTY, APPELLANT.

FILED OCTOBER 6, 1911.   No. 16,531.

1. **Bridges:** REPAIRS. It is the duty of a county, when repairing a bridge situated upon and constituting a part of one of its public roads or highways, to make it safe and suitable for the uses to which it is ordinarily exposed prior to and at the time the repairs are made, and render it sufficient to meet the present ordinary necessities of the public. *Kovarik v. Saline County*, 86 Neb. 440.

2. **Appeal:** CONFLICTING EVIDENCE. In an action at law, the judgment of the district court, rendered upon conflicting evidence, will not be set aside by a reviewing court, unless it can be said that it is unsupported by the evidence and is clearly wrong.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. J. McAllister,* for appellant.

*R. E. Evans, contra.*

BARNES, J.

Action in the district court for Dakota county to recover damages sustained by the plaintiff by reason of the defective condition of a bridge situated upon, and which was a part of, one of the defendant's roads or highways. The record discloses that by agreement of the parties the cause was tried to the court without the intervention of a jury. The plaintiff had the judgment, and the defendant has appealed.

The facts as disclosed by the record are in substance that the bridge in question was built a number of years ago; that in November, 1907, it was repaired under the direction of the defendant's board of county commissioners; that the contractor who repaired it at that time informed the board that he had repaired it according to their directions but that further repairs were needed, and asked the board for permission to drive three piles at the north end of the bridge and place a new cap thereon, and that such repairs were needed to put the bridge in a safe and suitable condition. This additional work the board refused to authorize, and so the bridge was not properly repaired. The person who made the repairs was a witness in this case, and testified that the bridge appeared to be in good condition.

It further appears that on the day when the accident occurred the plaintiff was moving his threshing outfit, which consisted of an ordinary traction engine and separator, together with another wagon, which carried the tools and was used as a water tank, along the defendant's road and across the bridge in question; that, on arriving

at the bridge where the accident occurred, the threshing crew planked it in the usual manner, and ran the engine upon the bridge until it rested about the middle of the structure; that the separator was attached, and when it was pulled up over the approach and onto the bridge proper the engine was stopped; that it was then the purpose of the plaintiff to uncouple the engine from the separator, after which it was to be run the rest of the way across the bridge without the separator; that, in attempting to move the engine for that purpose, it caused some vibration of the bridge, and the defective or rotten cap upon which the further end of the bridge rested split off or gave way; that the end of the bridge fell, and the engine and separator ran into the creek, thus causing the damages of which plaintiff complained.

. It therefore appears that the defective condition of the bridge, of which the defendant county had received notice at the time the repairs were made, was the cause of the accident. This state of facts seems to bring the case squarely within the rule announced in *City of Central City v. Marquis,* 75 Neb. 233, and *Kovarik v. Saline County,* 86 Neb. 440. In the *Kovarik* case it was said: "The sufficiency and state of repairs of bridges upon public highways referred to in section 117, ch. 78, Comp. St. 1909, must be applied to the uses to which a bridge is ordinarily exposed prior to and at the time of the accident by which it may be claimed injury to person or property was suffered. It should be sufficient to meet the present ordinary necessities of the public."

It seems clear that when the bridge in question was repaired it should have been made safe and suitable for the then ordinary uses of the public, which may include the moving of ordinary threshing outfits, which were no doubt known to be in common use at that time. We therefore think it clearly appears that the plaintiff established such a state of facts as entitled him to recover, unless he was himself guilty of contributory negligence, which appears to be the main defense interposed to pre-

vent a recovery. Upon that question the evidence is somewhat conflicting, but, as we view it, it preponderates in favor of the plaintiff, and fails to sustain the defendant's contention. The rule is well established that where, as in the case at bar, there is a conflict of evidence upon the material facts, touching the cause of action or defense, in an action at law, a reviewing court will not disturb the verdict of a jury or the findings and judgment of a trial court.

We find ourselves unable to say that the evidence in this case is insufficient to sustain the judgment of the district court, and it is therefore

AFFIRMED.