GRACE WITTWER, ADMINISTRATRIX OF THE ESTATE OF JAMES WITTWER, DECEASED, APPELLEE, V. THE COUNTY OF RICHARDSON, NEBRASKA, APPELLANT.

43 N. W. 2d 505

Filed July 24, 1950. No. 32776.

*Bayard T. Clark, Jean B. Cain,* and *F. A. Hebenstreit,* for appellant.

*Paul P. Chaney* and *John H. Wiltse,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Yeager, J.

This is an action by Grace Wittwer, administratrix of the estate of James Wittwer, deceased, plaintiff and appellee, against the County of Richardson, Nebraska, defendant and appellant, to recover damages on account of the death of James Wittwer, which the plaintiff says was caused by the negligence of the defendant. The case was tried to a jury and a verdict was returned in favor of plaintiff for $19,570.72. Judgment was entered on the verdict. A motion for new trial was duly filed and overruled. From the judgment and the order overruling the motion for new trial the defendant has appealed.

Numerous alleged errors were assigned as grounds for reversal. Such of them as require consideration in a proper determination of the case will be discussed at the proper point herein.

James Wittwer of the age of 49 years came to his death on March 21, 1949, at a point on a public county highway in Richardson County, Nebraska, about one and one-half miles west of Falls City. He came to his death as the direct result of a fire in a Ford automobile truck which he had operated west to the point of the incidents involved on the highway.

At the place where death occurred there was a bridge across the highway and over a regular drainway or creek. Its width was about 19 feet and its span about 13 feet. Authentically it appears that the bridge was constructed not later than 1922. At the east side of the creek was a reinforced concrete abutment extending north and south. The thickness of the abutment does not appear in the evidence. Its height including the base was about 16 feet. The base or footing was 30 inches wide by two feet in depth. Attached to each end of the abutment and extending backward from the channel

of the creek and obliquely outward for a distance of about 10 to 11 feet there was a reinforced concrete wing. The thickness was 11 inches at the top and greater at the bottom. Whether or not the wings rested on a base similar to that supporting the abutment is not made clear. There was an abutment with wings on the west side the same as on the east. The wings were doubtless placed there for the purpose of aiding to support the abutments and to prevent earth from escaping from behind the abutments. The span of the bridge was attached to and rested on top of the abutments in a manner not necessary to be described here.

The lowest point of the channel of the stream was about three feet below the bottom or base of the abutments but this low point did not extend outward to the base of the abutments. There had been no washing out under the abutments. There is no evidence of a lack of firmness at the base of the abutments.

In the early morning while it was yet dark the deceased driving a Ford automobile truck at about the speed of 30 or 35 miles an hour approached the bridge and from behind the truck was seen to apparently drop. Almost immediately thereafter it was found that the west abutment had fallen forward and downward and that the span of the bridge had fallen upon it and the truck spanned the gap which had been covered by the span of the bridge. The front end extended west beyond where the west abutment had been and the rear to the east beyond the location of the east abutment. The deceased and another man were pinned in the truck in such manner that they could not at the time be extricated. A fire started and the two men died in consequence thereof before they could be extricated.

Whether or not the bridge collasped before or after the deceased arrived at this point is, on the record, only a matter of surmise.

The plaintiff, the widow of the deceased and administratrix of his estate, brings the action under authority

of sections 30-809 and 30-810, R. R. S. 1943, and she charges the defendant county with liability under section 39-834, R. S. 1943. No question is raised as to her right to maintain the action or as to her right to recover if negligence of the county was shown to be the proximate cause of the death of her husband. It follows therefore that the provisions of statute referred to require no discussion.

The grounds of action are:

"That the defendant disregarding its duties to said James Wittwer and the public generally carelessly and negligently permitted said bridge to become out of repair and dangerous for public travel in the following particulars, towit: —

"(a) In failing to maintain said bridge so that it was fit for public traffic across the same.

"(b) In permitting said bridge to become out of repair.

"(c) In that the defendant, its officers and agents, knew or should have known that said bridge was not in repair and taken the necessary steps to make said bridge safe for public travel across the same.

"(d) In maintaining said bridge so that the West perpendicular wall became out of place and fell inward or toward the east so that there was no support for the top or roadway surface of said bridge."

As a ground for reversal the defendant says that the court erred in not sustaining defendant's motion for a directed verdict at the close of plaintiff's testimony. The basis of the assignment is that the evidence wholly failed to establish any negligence on the part of the defendant.

In an action to recover damages from a county under the sections of the statute named herein the burden is on the plaintiff to establish negligence on the part of the county. Miller v. Abel Construction Co., 140 Neb. 482, 300 N. W. 405.

A county is not an insurer of the safety of the bridges

it constructs and maintains upon highways for the use of the public. Johnson County v. Carmen, 71 Neb. 682, 99 N. W. 502; Brooks v. Thayer County, 126 Neb. 610, 254 N. W. 413; Freedom Oil Works Co. v. Beaver County, 298 Pa. 174, 148 A. 67, 68 A. L. R. 600; Sumey v. Fayette County, 298 Pa. 93, 147 A. 851, 68 A. L. R. 596.

In an action to recover damages from a county on account of injury or death caused by a defective bridge on a public highway the plaintiff must prove by a preponderance of the evidence that the defect was known or that it existed for such a length of time that with reasonable diligence it could or should have been discovered by the county. Johnson County v. Carmen, *supra;* Clingan v. Dixon County, 74 Neb. 807, 105 N. W. 710; City of Central City v. Marquis, 75 Neb. 233, 106 N. W. 221; O'Chander v. Dakota County, 90 Neb. 3, 132 N. W. 722; Bethel v. Pawnee County, 95 Neb. 203, 145 N. W. 363; Higgins v. Garfield County, 107 Neb. 482, 186 N. W. 347.

A county is not liable for negligence on account of latent defects in a bridge on a public highway but only for such as are patent and may be ascertained by reasonable inspection. Johnson County v. Carmen, *supra;* Sumey v. Fayette County, *supra;* Clingan v. Dixon County, *supra;* Peitzmieier v. Colfax County, 94 Neb. 675, 144 N. W. 248; Bethel v. Pawnee County, *supra.*

A county is not liable for negligence for injury or death on account of defects in a bridge caused by climatic condition beyond its control. Johnson County v. Carmen, *supra;* Sumey v. Fayette County, *supra.*

The question of whether or not the plaintiff has sustained a cause of action must be ascertained by application of these rules to the evidence adduced on the trial by the plaintiff.

The evidence of plaintiff as already pointed out did show that the bridge collapsed and its position and condition after collapse. It also showed that there was a hole the size of a bushel basket at some place under the south wing to the west abutment and a hole the size of a bucket

under the north wing of the same abutment. It also showed that the bed of the stream under the bridge was about three feet below the base of the abutments. Nothing else in the nature or quality of defects was shown or attempted to be shown by the plaintiff.

No effort was made by plaintiff in her evidence either directly or circumstantially to show that either the holes or the depth of the channel caused or contributed to the cause of the collapse of the bridge. There is no evidence that either the depth of the stream or the holes under the wings weakened the support of the abutment. Also no reasonable inference flows from the described conditions that they caused or contributed to the causing of the collapse of the bridge.

The unavoidable conclusion is that there is nothing in the evidence of plaintiff which justified the submission of the issue of negligence of the defendant to a jury.

It may well be said also that nothing appeared in the evidence of the defendant to sustain any of the charges of negligence made in the petition.

The witnesses for defendant were positive that neither the depth of the channel nor the holes under the wings caused or contributed to the collapse of the bridge. It is true that a witness said on cross-examination that a channel below the base of abutments to a bridge was not good construction but there was no departure from the conclusion and opinion that this had no relation to the collapse of this bridge.

Two witnesses for the defendant, as engineers and experts, gave their opinions as to the cause of the collapse. They gave it as their opinion that it was caused by softening and partial liquefaction of earth and moisture back of the abutment due to extremely warm weather for the time of year which produced sufficient pressure to cause the abutment to rotate on its base to the east.

It could not be reasonably inferred that this was a condition which was known or could have been anticipated or discovered by reasonable inspection.

On the entire record it is concluded that actionable negligence on the part of the defendant has not been shown. This conclusion renders unnecessary a consideration of the other assignments of error.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.