PHYLLIS F. NELSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT JAMES NELSON, DECEASED, APPELLANT, V. PAUL J. DOLAN, APPELLEE.

434 N.W.2d 25

Filed January 13, 1989.    No. 87-326.

Ronald S. Depue, of McDermott, Depue & Zitterkopf, for appellant.

D. Steven Leininger, of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and JAMES MURPHY, D.J.

CAPORALE, J.

In this suit joining an action for the wrongful death of Robert James Nelson with an action on behalf of his estate, the defendant-appellee, Paul J. Dolan, admitted that his negligence proximately caused decedent Nelson's death. The jury thus returned a verdict in favor of the plaintiff-appellant, Phyllis F. Nelson, personal representative of the estate of the aforenamed decedent, and judgment was rendered accordingly in the total sum of $37,968.26. The personal representative nonetheless appeals, asserting as error the district court's sustainment of Dolan's motion in limine preventing her from adducing evidence concerning (1) the mental anguish suffered by the next of kin of the decedent and (2) the mental anguish suffered by the decedent Nelson himself. We affirm in part, and in part reverse and remand for a new trial.

## I. OFFER OF PROOF

As a consequence of the district court's ruling on Dolan's motion, the personal representative made an offer of proof. According thereto, a collision occurred in the early morning hours of June 22, 1984, between an automobile operated by Dolan and a motorcycle driven by the 17-year-old decedent Nelson, and on which the latter's friend, Kevin Coffin, was riding as a passenger. Decedent Nelson and Coffin had just left the scene of a fight in Grand Island, Nebraska, and were traveling on a Grand Island street when they noticed behind them an automobile driven by Dolan. In an effort to lose the Dolan automobile, decedent Nelson entered a highway and later turned onto an asphalt road, traveling at 85 miles per hour. Dolan nonetheless continued to follow the motorcycle at a distance of about 50 to 75 feet. In his deposition, Coffin said that "[a]t one point, they got really close. And I got scared, so I turned around and hit the hood of the car with my hand." The automobile was at that time about 1 or 2 feet behind the motorcycle.

After Coffin hit the hood of the Dolan automobile, Dolan backed off, sped up, and hit the motorcycle. Upon impact at a point just outside Grand Island, the two vehicles locked together and, according to an accident reconstructionist, traveled thus locked, with decedent Nelson trying to maintain

control, for about 268 feet over a period of approximately 5 seconds until the motorcycle struck a light post, fell, and went under the Dolan automobile. Decedent Nelson's body was found underneath the Dolan automobile, and the personal representative acknowledges that decedent Nelson was crushed by Dolan's automobile and that death was instantaneous.

A psychiatrist offered to testify, in effect, that in his opinion decedent Nelson understood he was going to be run down from the moment the Dolan automobile made contact with the motorcycle and that he "must have been absolutely terrified," knowing or thinking that he was going to die for whatever period of time intervened between the two vehicles' coming together and death.

The personal representative's treating physician offered to testify that he thought she suffered from endogenous depression and acute anxiety caused in part by the loss of the decedent Nelson, who was her son. He treated the condition with medication over a 2-year period and is of the opinion that the condition would continue and should be treated by a psychiatrist.

The personal representative offered to testify that she felt a great loss as the result of her son's death, has found it difficult to sleep since his death, has lost 30 to 40 pounds, is mentally unstable, and has lost her job because of her inability to work.

## II. ANALYSIS

The personal representative's contentions require an examination of the types of damages which flow from an actionable death and to whose benefit such damages inure.

### A. *Wrongful Death Action*

While adjudication of the first assignment of error requires only an analysis of the nature of a wrongful death action, the second assignment of error requires an analysis of both the nature of such an action and the nature of an action brought on behalf of a decedent's estate. We concern ourselves first with the wrongful death action.

#### 1. Next of Kin's Damages

The first assignment of error asserts that the district court erred by rejecting the offer of proof concerning the mental anguish suffered by decedent Nelson's next of kin.

We have observed that the right to maintain a wrongful death action does not exist at common law and thus exists solely by virtue of legislative enactment. *Smith v. Columbus Community Hosp.*, 222 Neb. 776, 387 N.W.2d 490 (1986).

The Nebraska wrongful death action is found in Neb. Rev. Stat. §§ 30-809 and 30-810 (Reissue 1985). The first of these statutes provides in relevant part:

> Whenever the death of a person shall be caused by the wrongful act, neglect or default, of any person . . . and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who . . . would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

The second statute reads in relevant part:

> Every such action, as described in section 30-809, shall be . . . brought by and in the name of his personal representatives, for the exclusive benefit of the . . . next of kin. The verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained. The avails thereof shall be paid to and distributed among the . . . next of kin in the proportion that the pecuniary loss suffered by each bears to the total pecuniary loss suffered by all such persons.

Thus, the damages recoverable, the disposition of the avails obtained, and the measure of recovery in a wrongful death action are all fixed by statute. *Mabe v. Gross*, 167 Neb. 593, 94 N.W.2d 12 (1959). See, also, *Luckey v. Union P. R. Co.*, 117 Neb. 85, 219 N.W. 802 (1928).

*Johnson County v. Carmen*, 71 Neb. 682, 99 N.W. 502 (1904), determined that a statute permitting jurors to award such damages, not to exceed $5,000, "as they shall deem a fair and just compensation with reference to the pecuniary injuries, resulting from such death," Gen. Stat. ch. 15, § 2 (1873), did not permit the next of kin to recover for bereavement, mental suffering, or solace. The *Carmen* court ruled that a jury is

"limited to giving pecuniary compensation resulting to the next of kin on account of the death of the deceased." *Carmen* at 685, 99 N.W. at 503.

A 1919 amendment to the damages language found in the *Carmen* statute produced the damages language now found in § 30-810. In considering that amendment, this court, in *Ensor v. Compton*, 110 Neb. 522, 524, 194 N.W. 458, 459 (1923), said:

> This amendment was made by the legislature after this court had, by a long line of decisions, held that damages in this class of cases were limited under the statute to money loss or its equivalent. This change, while significant, does not provide a wide open door to all sorts of claims for damages. The loss under the statute is still a pecuniary loss. *Nothing can be allowed on account of mental suffering or bereavement or as a solace on account of such death.* Only such damages can be recovered as are shown by the evidence to have a monetary value. In states having a statute similar to our own, it has generally been construed as permitting recovery of damages for loss of service and companionship under special circumstances where the evidence shows they have a money value. [Citations omitted.] However, recovery for loss of services and companionship by a surviving husband or wife can only be sustained where the evidence shows a reasonable probability that such services and companionship afforded the survivor was of such a character that it would be of advantage to such survivor, and that a disallowance thereof would cause a pecuniary loss to him or her. [Citation omitted.]

(Emphasis supplied.)

In allowing recovery for the economic value of the society, comfort, and companionship lost by the next of kin, the opinion of this court in *Selders v. Armentrout*, 190 Neb. 275, 207 N.W.2d 686 (1973), noted that the wrongful death damages statute had been interpreted as limiting recovery to pecuniary loss. The *Selders* opinion then went on to explain that damages for loss of society, comfort, and companionship were recoverable because they constituted services which have a financial value to the next of kin.

This court recently reaffirmed the rules announced in *Carmen*, *Ensor*, and *Selders*, and again held that the loss contemplated by the wrongful death statutes is a pecuniary loss, *Garvin v. Coover*, 202 Neb. 582, 276 N.W.2d 225 (1979), and *Maloney v. Kaminski*, 220 Neb. 55, 368 N.W.2d 447 (1985), and that damages on account of mental suffering or bereavement or as a solace to the next of kin on account of the death are not recoverable, *Garvin v. Coover, supra.*

The personal representative concedes the current status of the law but invites us to abandon our prior interpretation and permit the next of kin to recover for her or his mental anguish in an action for wrongful death on the ground that a number of other states so permit. See, e.g., *Tommy's Elbow Room, Inc. v. Kavorkian*, 727 P.2d 1038 (Alaska 1986); *Moore v. Lillebo*, 722 S.W.2d 683 (Tex. 1986); *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex. 1983); *Dawson v. Hill & Hill Truck Lines*, 206 Mont. 325, 671 P.2d 589 (1983). See, also, *Hopkins v. McBane*, 427 N.W.2d 85 (N.D. 1988); *Nance v. State Board of Education*, 277 S.C. 64, 282 S.E.2d 848 (1981).

We decline the invitation without undertaking any comparison of the various statutes of other states with our own, for the invitation overlooks the general and dispositive rule that where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of its intent. *Erspamer Advertising Co. v. Dept. of Labor*, 214 Neb. 68, 333 N.W.2d 646 (1983). See, also, *Arant v. G. H., Inc.*, 229 Neb. 729, 428 N.W.2d 631 (1988). That being so, it cannot now be judicially declared that the Legislature meant something else; thus, the personal representative's first assignment of error fails.

## 2. Decedent Nelson's Damages

In connection with the second assignment of error, the personal representative first argues that she is entitled to recover in the wrongful death action for the mental anguish decedent Nelson himself experienced prior to his death. In doing so, she ignores the plain language of § 30-810 and thus is once again in error. The statutory language plainly limits a wrongful death recovery to the loss suffered by a decedent's

next of kin; it provides no basis upon which to recover a decedent's own damages. As noted in *Egbert v. Wenzl*, 199 Neb. 573, 260 N.W.2d 480 (1977), the wrongful death statutes are not to be understood as affecting any change in the common law beyond that clearly indicated by the statutory language.

The issue is not unlike that presented in *Kroeger v. Safranek*, 161 Neb. 182, 72 N.W.2d 831 (1955), a wrongful death action in which the trial court instructed the jury it was alleged that the person killed suffered " 'an excruciating death by electrocution.' " *Id.* at 192, 72 N.W.2d at 840. In reversing a verdict and judgment in favor of the plaintiff therein, this court, quoting from *Hindmarsh v. Sulpho Saline Bath Co.*, 108 Neb. 168, 187 N.W. 806 (1922), said at 192, 72 N.W.2d at 840:

"[I]n the action brought by the personal representative, in behalf of the statutory beneficiaries, to recover damages for the death caused by the wrongful act of the defendant, *the recovery must be measured by the pecuniary loss suffered by those beneficiaries . . . .*"

. . . .

*Thus any pain or suffering endured by the decedent is not an element upon which appellee can herein base any recovery* and it was error for the court to include the allegations in its instructions.

(Emphasis supplied.)

However, the determination that damages for a decedent's preimpact mental anguish cannot be recovered in a wrongful death action does not resolve the second assignment of error; the petition here joins with the wrongful death action a separate action on behalf of the decedent's estate, a procedure which our law permits. *Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 314 N.W.2d 19 (1982); *Wilfong v. Omaha & C. B. Street R. Co.*, 129 Neb. 600, 262 N.W. 537 (1935); *Murray v. Omaha Transfer Co.*, 95 Neb. 175, 145 N.W. 360 (1914).

### B. *Estate Action*

Thus, the question becomes whether a decedent's estate may recover for the mental anguish a decedent consciously suffers by the apprehension and fear of impending death prior to sustaining fatal injury.

While we have not heretofore considered this question, we

have long permitted a decedent's estate to recover for the conscious physical pain and suffering the decedent endured after a negligently inflicted injury resulting in death. *Wilfong v. Omaha & C. B. Street R. Co., supra.* We have also long recognized postinjury mental anguish as an element of damages recoverable in personal injury actions. *Baylor v. Tyrrell,* 177 Neb. 812, 131 N.W.2d 393 (1964); *Omaha Street R. Co. v. Emminger,* 57 Neb. 240, 77 N.W. 675 (1898).

Some courts have allowed recovery for conscious preimpact mental anguish suffered by decedents aware of impending death. Most of these cases are federal diversity actions and arise out of airplane crashes.

In one such action, *Shu-Tao Lin v. McDonnell Douglas Corp.,* 742 F.2d 45 (2d Cir. 1984), the decedent was killed when a jet crashed shortly after takeoff. The reviewing court referred with approval to the language of the trial court, 574 F. Supp. 1407, 1416 (S.D.N.Y. 1983), which observed:

> New York provides a cause of action for the pain and suffering of a decedent before his death. In several cases it has been held that a decedent's estate may recover for the decedent's pain and suffering endured *after* the injury that led to his death. [Citations omitted.] From this proposition, it is only a short step to the allowing of damages for a decedent's pain and suffering *before* the mortal blow and resulting from the apprehension of impending death.

(Emphasis in original.) The reviewing court then itself reasoned:

> A decedent's representative unquestionably may recover for pain and suffering experienced in a brief interval between injury and death. . . . We see no intrinsic or logical barrier to recovery for the fear experienced during a period in which the decedent is uninjured but aware of an impending death.

742 F.2d at 53.

In *Haley v. Pan American World Airways,* 746 F.2d 311 (5th Cir. 1984), *reh'g denied* 751 F.2d 1258, the court interpreting state law concluded that Louisiana would recognize a surviving cause of action for preimpact fear and apprehension of

impending death experienced by an airline passenger killed in an airplane crash. In *Haley*, as in our present case, the decedent was killed immediately upon impact. The court based its decision on Louisiana law which permitted recovery for fear suffered during a negligently produced ordeal. While many of the Louisiana cases cited by *Haley* dealt with recovery for postimpact mental anguish associated with physical injury, the *Haley* court concluded that Louisiana would permit damages for conscious mental anguish suffered by the decedent before his death or impact, and quoted with approval the analysis from its earlier decision in *Solomon v. Warren*, 540 F.2d 777 (5th Cir. 1976), *cert. denied* 434 U.S. 801, 98 S. Ct. 28, 54 L. Ed. 2d 59 (1977) (interpreting Florida law):

> "While in the garden variety of claims under survival statutes, including the Florida Statute—fatal injuries sustained in automobile accidents and the like—the usual sequence is impact followed by pain and suffering, we are unable to discern any reason based on either law or logic for rejecting a claim because in this case as to at least part of the suffering, this sequence was reversed. We will not disallow the claims for this item of damages on that ground."

*Haley* at 314-15.

In *Green v. Hale*, 590 S.W.2d 231 (Tex. Civ. App. 1979), decedent was killed when he descended from the back of a truck and the defendant driver of the truck negligently backed over him. The court, in affirming a jury award of $5,000, implicitly held that recovery was appropriate for conscious preimpact mental anguish suffered by the decedent in anticipation of impending death, regardless of how brief in duration.

Similarly, in *Missouri Pacific R. Co. v. Lane*, 720 S.W.2d 830 (Tex. App. 1986), the court affirmed an award for mental anguish suffered by the decedent before a train hit his stalled truck. As to the claim that such damages were not recoverable because decedent died instantly, the court reasoned: "Such an argument fails to consider the terror and consequent mental anguish Lane suffered for the six to eight seconds while he faced imminent death." *Id*. at 833.

Similar results were obtained in *Pregeant v. Pan American*

*World Airways, Inc.*, 762 F.2d 1245 (5th Cir. 1985) (following *Haley*); *Snyder v. Whittaker Corp.*, 839 F.2d 1085 (5th Cir. 1988) (plaintiff must prove conscious mental anguish by preponderance of the evidence); *Moorhead v. Mitsubishi Aircraft Intern., Inc.*, 828 F.2d 278 (5th Cir. 1987) (allowing such recoveries generally but holding that lower court's denial of damages for airplane passengers' precrash conscious pain and suffering not clearly erroneous where no evidence to support); *Feldman v. Allegheny Airlines, Inc.*, 382 F. Supp. 1271 (D. Conn. 1974), *aff'd in relevant part* 524 F.2d 384 (2d Cir. 1975); *Platt v. McDonnell Douglas Corp.*, 554 F. Supp. 360 (E.D. Mich. 1983); *D'Angelo v. United States*, 456 F. Supp. 127 (D. Del. 1978), *aff'd* 605 F.2d 1194 (3d Cir. 1979) (interpreting Maryland law); *Mitchell v. Akers*, 401 S.W.2d 907 (Tex. Civ. App. 1966) (holding that action instituted or which could have been instituted by person who sustains injuries later resulting in death survives the deceased and may be asserted by his heirs or the administrator of his estate and that in such action damages were recoverable for the mental anguish suffered by the 3-year-old decedent for the 2 or 3 minutes before he drowned).

Some courts, however, have denied recovery for preimpact mental anguish. E.g., *Nye v. Com., Dept. of Transp.*, 331 Pa. Super. 209, 480 A.2d 318 (1984) (no damages available under Pennsylvania statute for conscious preimpact fright); *In re Air Crash Disaster Near Chicago, Ill. etc.*, 507 F. Supp. 21 (N.D. Ill. 1980) (no recovery under Illinois law for fright and terror decedent may have suffered in anticipation of physical injury prior to death in an airplane crash); *Fogarty v. Campbell 66 Exp., Inc.*, 640 F. Supp. 953 (D. Kan. 1986) (no recovery is permitted under Kansas law for negligently induced preimpact mental anguish, not itself resulting in physical injury, notwithstanding that the collision caused physical injury).

Nonetheless, we are persuaded that there exists no sound legal or logical distinction between permitting a decedent's estate to recover as an element of damages for a decedent's conscious postinjury pain and suffering and mental anguish and permitting such an estate to recover for the conscious prefatal-injury mental anguish resulting from the apprehension and fear of impending death.

Neb. Rev. Stat. § 25-1401 (Reissue 1985) provides that, among other things, a cause of action for an injury to a personal estate survives the death of the person entitled to the same. Thus, we hold that as an element of a decedent's personal injury action, conscious prefatal-injury fear and apprehension of impending death survives a decedent's death and inures to the benefit of such decedent's estate. See *Wilfong v. Omaha & C. B. Street R. Co.*, 129 Neb. 600, 262 N.W. 537 (1935).

Dolan argues that the personal representative's offer of proof fails in any event to establish that the decedent Nelson knew how closely his motorcycle was being followed or otherwise establishes that the decedent Nelson was consciously aware of and feared his impending death. It is true that courts have denied recovery for preimpact mental anguish for lack of evidence that the decedent was aware of his impending death. E.g., *Anderson v. Rowe*, 73 A.D.2d 1030, 425 N.Y.S.2d 180 (1980); *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202 (2d Cir. 1984); *Caldarera v. Eastern Airlines, Inc.*, 529 F. Supp. 634 (W.D. La. 1982); *Moorhead v. Mitsubishi Aircraft Intern., Inc., supra*; *Feldman v. Allegheny Airlines, Inc., supra*.

In *Shatkin*, the reviewing court reversed a jury award for preimpact pain and suffering, finding no evidence that the decedent passenger was awake or was aware that anything was wrong; that the pilot or anyone alerted the passengers as to the danger; nor that the airplane tilted and rolled in an unusual manner. However, in *Shu-Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45 (2d Cir. 1984), which arose out of the same accident, the same reviewing court distinguished *Shatkin* and concluded that the jury could reasonably find that a passenger seated over the left wing of the airplane (Shatkin's assigned seat was over the right wing) could have seen the left engine and a portion of the wing break off at the beginning of the flight and suffered preimpact mental anguish during the 30 seconds before the crash. Accord *Green v. Hale*, 590 S.W.2d 231 (Tex. Civ. App. 1979).

Finally, in *Mitchell v. Akers*, 401 S.W.2d 907 (Tex. Civ. App. 1966), the court found that proof of mental anguish was sufficient where a doctor testified that a 3-year-old child who had drowned had struggled for 2 or 3 minutes before losing

consciousness.

It is fundamental that the nature and amount of damages cannot be sustained by evidence which is speculative and conjectural. *Nebraska Truck Serv. v. U.S. Fire Ins. Co.*, 213 Neb. 755, 331 N.W.2d 266 (1983); *Suhr v. City of Scribner*, 202 Neb. 364, 275 N.W.2d 596 (1979). The record must provide some basis for the jury to make a reasonable inference that the decedent suffered conscious mental anguish. See, *Haley v. Pan American World Airways*, 746 F.2d 311 (5th Cir. 1984), *reh'g denied* 751 F.2d 1258; *Green v. Hale, supra*; *Missouri Pacific R. Co. v. Lane*, 720 S.W.2d 830 (Tex. App. 1986). While it is true that in the present case there is no evidence that decedent Nelson said anything prior to his death revealing an awareness of his impending death, the personal representative's offers of proof nonetheless provide a basis upon which the jury certainly need not, but could, if it wished, find that decedent Nelson apprehended and feared his impending death during the 5 seconds his motorcycle traveled 268 feet locked with Dolan's automobile before he was crushed and thus killed.

We must therefore conclude that the record sustains the personal representative's second assignment of error.

## III. DECISION

Accordingly, the judgment of the district court is hereby affirmed as to the wrongful death action, and the cause is reversed and remanded for a new trial as to the action on behalf of the decedent's estate.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR A NEW TRIAL.